CITY OF MADISON, Plaintiff, vs. PIERCE, Respondent: THE STATE and another, Appellants.

*February 5—March 2, 1954.*

The cause was submitted for the appellants on the brief of the *Attorney General* and *E. Weston Wood,* assistant attorney general.

CURRIE, J. Inasmuch as this cause was submitted upon the brief of the appellants, and the defendant-respondent Pierce is in default and his counsel has advised us that he does not intend to file a brief in Pierce's behalf, we could in our discretion reverse the judgment below as of course with-

out opinion under the provisions of Supreme Court Rule 32 (sec. 251.32, Stats.). However, we have concluded that the issue raised on this appeal is one of considerable public concern because there is presented the question of how the jurisdiction of the circuit court may be invoked against a person not originally a party to an action. Therefore, we have chosen not to invoke Rule 32, but to reverse on the merits and file this opinion stating the reason that we deem requires such result.

We hold that the service of the order to show cause did not and could not give the circuit court jurisdiction over either the state of Wisconsin or the commissioner of the motor vehicle department, and, therefore, the subsequent order requiring the department to reissue an operator's license to Pierce was a nullity in view of the fact that there was no general appearance by the state or the commissioner that had conferred jurisdiction on the circuit court as to them.

Sec. 262.01, Stats., provides:

"A civil action in a court of record shall be commenced by the service of a summons or an original writ. From the time of such service or the issuance of a provisional remedy the court shall have jurisdiction and have control of all subsequent proceedings."

This court in *Eide v. Skerbeck* (1943), 242 Wis. 474, 482, 8 N. W. (2d) 282, declared:

"Jurisdiction of the person can only be acquired by service of a summons in the manner prescribed for personal service. This is plain and fundamental, even where motion to make one a party or order to show cause why one should not be made a party is personally served. *In re Citizens State Bank*

*of Gillette,* 207 Wis. 434, 241 N. W. 339; *State ex rel. Ashley v. Circuit Court,* 219 Wis. 38, 261 N. W. 737."

We deem that the foregoing quoted statement clearly declares the law applicable to the issue here presented.

*By the Court.*—Order reversed.