BURK, Respondent, v. COMMISSIONER OF MOTOR VEHICLES, Appellant.

*November 6—December 1, 1959.*

For the appellant the cause was argued by *LeRoy L. Dalton,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

For the respondent there was a brief by *C. J. Crooks,* attorney, and *Leo D. Crooks* and *Patrick L. Crooks* of counsel, all of Wausau, and oral argument by *Patrick L. Crooks.*

MARTIN, C. J.   On November 14, 1958, in the village of Fenwood, Wisconsin, a collision occurred between a vehicle owned by petitioner and driven by his son, Edward Burk, and a vehicle driven by Mrs. Barbara Missar. An accident report dated November 18, 1958, signed by Edward Burk was received on November 19, 1958, by the safety responsibility division of the motor vehicle department indicating

personal injuries to two passengers and also indicating that Edward Burk was insured by the Dairyland Mutual Insurance Company. On December 4, 1958, the safety responsibility division received notice from the said insurance company that no automobile liability policy was in effect on the date of the accident; that its policy applied to the operator only, and the insured owned the vehicle he was driving.

On January 8, 1959, the motor vehicle department sent a notice to both Edward Burk and Reinhold Burk, setting the amount of bond at $2,595 and notifying the parties that the operator's license of the operator and the registrations of the owner would be suspended on January 23, 1959, unless the bond was posted. On January 12th attorney for Reinhold Burk asked for a thirty-day extension of time, advising that there was a dispute between the Burks and the Dairyland Mutual as to whether or not there was public liability insurance in effect at the time of the accident. The motor vehicle department granted a twenty-day extension to February 12, 1959.

On February 13th the department received a letter from the Dairyland Mutual advising that the policy was in effect for the operator Edward Burk on the date of the accident and provided liability coverage for the operator but not for the owner.

On February 16, 1959, the commissioner issued an order of suspension of the vehicle registrations of Reinhold Burk under sec. 344.15 (4), Stats. On February 27th Reinhold Burk filed a petition with the circuit court for Dane county and obtained an order requiring the commissioner to show cause why he should not be permanently restrained from confiscating the registrations of Reinhold Burk; said order to show cause was served upon the commissioner on the day of its issuance. The temporary restraining order referred to above also issued on February 27th.

The commissioner served and filed his notice of special appearance and asked for dismissal of the petition for lack of jurisdiction over the person of the commissioner. The circuit court denied the motion to dismiss, and this order is affirmed.

The commissioner contends that the court could acquire no jurisdiction over his person by service of the petition and order to show cause, citing *Madison v. Pierce* (1954), 266 Wis. 303, 62 N. W. (2d) 910. This argument has no merit. The case cited was a prosecution by the city of Madison against the defendant for violation of an ordinance prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor. The Commissioner of the Motor Vehicle Department was not a party to the action and it was for that reason that this court held the service of an order to show cause upon the commissioner could not give the court jurisdiction over him.

What we have in this case is a special proceeding and by its very nature the commissioner is a party. Sec. 344.03, Stats., provides:

"Any person aggrieved by any order or act of the commissioner pursuant to this chapter may, within ten days after notice thereof, file a petition in the circuit court of Dane county for a review thereof in the manner provided in ch. 227 for review of administrative decisions. The court shall summarily hear the petition and may make any appropriate order or decree."

The original notice required that petitioner and/or his son deposit the security by January 23, 1959, the expiration of the sixty-day period after the commissioner had received notice of the accident. On the request of petitioner's attorney that date was extended twenty days to February 12th. Sec. 344.14, Stats., provides that if no security is deposited by the time specified by the commissioner, the operating

license of the operator and registrations of the owner *shall* be suspended unless the commissioner is furnished with satisfactory proof that one of the exceptions set forth in sub. (2) is applicable. Par. (c) thereof excepts "the operator or owner whose liability for damages resulting from the accident is, in the judgment of the commissioner, covered by any other form of liability insurance policy or bond meeting the requirements of sec. 344.15."

When the time expired on February 12th, the petitioner had not deposited the required security nor furnished proof that he came within the exception noted. After the expiration of that time the commissioner no longer had any discretion to act under sec. 344.14 (2) (c), Stats. Suspension was then mandatory; the commissioner's act was a purely ministerial one and not subject to review.

On February 13th the commissioner received information from the insurance company that the operator was covered by its liability policy but that the owner was not. The commissioner, on February 16th, suspended the owner's registrations. Petitioner's argument is that under sec. 344.14 (1) and (2) (c), Stats., the owner is exempted from the security and suspension requirements if the operator has already complied. This is only half true. Under sub. (1), if the operator has deposited the security required by the commissioner, the owner is exempted, since that section provides that "If the owner and operator are separate persons, only one of them need deposit security . . ." But if the operator has been excepted from the security requirements by reason of liability insurance coverage, the owner is not excepted, unless he shows that he is entitled to the exception under sub. (2) (c). That paragraph reads:

"(c) To the operator or owner whose liability for damages resulting from the accident is, in the judgment of the commissioner, covered by any other form of liability insurance policy or bond meeting the requirements of sec. 344.15."

This subsection does not give the commissioner authority to determine who is liable for the damages. His judgment under the subsection is addressed to the question whether the policy or bond involved, other than those described in pars. (a) and (b), sub. (2), sec. 344.14, Stats., covers the owner or the operator. There was no such question presented to the commissioner in this instance. The company had advised that its policy covered only the operator.

Having policy coverage only for the operator and the time for compliance with the security requirements having expired, the commissioner suspended the owner's registrations pursuant to sec. 344.15 (4), Stats., which provides, so far as material:

"Upon receipt of notice from the company that an automobile liability policy or bond was in effect as to the owner only, the operator only or was not in effect as to either of them, the commissioner shall within the remainder of the sixty-day period specified in sec. 344.13 (3) require the owner or operator or both, *whichever is applicable,* to deposit security pursuant to this chapter."

The petitioner argues that the italicized words indicate the legislature intended the commissioner to exercise his discretion in ordering the suspension. The effect of the language is that where owner and operator are separate persons and the commissioner is notified that an insurance policy covers the liability of only one, the other, "whichever is applicable," must be required to deposit security. This involves no discretion on the part of the commissioner. He was notified the policy covered only the operator. The owner having neither deposited security nor produced a policy or bond covering his liability, suspension was mandatory, as pointed out above. And since the commissioner's act was ministerial, it is not subject to review.

One other question is argued in the briefs. The commissioner contends that petitioner did not file his petition within

the ten days specified in sec. 344.03, Stats. The review sought by petitioner was of the order of suspension, which order was dated February 16, 1959. The petition was filed February 27, 1959. "Notice" means information actually communicated to the person to be notified. See 66 C. J. S., Notice, p. 635, sec. 2. Petitioner had no notice of the order until he received it. There is in the record an affidavit showing that the order was mailed to petitioner on February 16th. In petitioner's brief it is stated, and the commissioner takes no exception to the statement, that petitioner testified under oath at the hearing on the petition that he served and filed his petition within ten days after he received notice of the order. If the commissioner desires to rely on service by mail, he is governed by sec. 269.36 which provides:

"If a certain time before an act to be done is required for the service of any paper and if, after service of any paper, a specified time is allowed a party to do an act in answer to or in consequence of such service, service by mail shall increase by five days the time required or allowed to do such act in case of personal service."

Since the petitioner filed his petition on the eleventh day after the date of mailing of the order, it must be held that it was filed within the time required by sec. 344.03, Stats.

*By the Court.*—The order denying the motion to dismiss for lack of jurisdiction is affirmed. The order setting aside the commissioner's order for suspension of petitioner's registrations is reversed, and cause remanded with directions to enter an order dismissing the petition for review.