BERKOFF, Appellant, v. DEPARTMENT OF BUILDING IN-
SPECTION & SAFETY ENGINEERING OF THE CITY OF
MILWAUKEE, Respondent.

*No. 227. Argued April 29, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 142.)

216

For the appellant there was a brief by *Samson & Nash* and *Robert E. Sutton*, all of Milwaukee, and oral argument by *Mr. Sutton*.

For the respondent there was a brief by *John J. Fleming*, city attorney, and *David R. Mogilka* and *Joseph N. Misany*, assistant city attorneys, and oral argument by *Mr. Misany*.

HEFFERNAN, J. Sec. 66.05 (1) (a), Stats., authorizes the governing body or the inspector of buildings or other

designated officers of municipalities, the population of which is not less than 15,000, to issue orders directing the owner of premises which are so out of repair as to be dangerous, unsafe, insanitary, or otherwise unfit for human habitation to either repair or to raze such buildings. Sec. 66.05 (3) provides:

"Anyone affected by any such order shall within 30 days after service of such order apply to the circuit court for an order restraining the inspector of buildings or other designated officer from razing and removing such building or part thereof or forever be barred. Hearing shall be had within 20 days and shall be given precedence over other matters on the court's calendar. The court shall determine whether the order of the inspector of buildings is reasonable, and if found reasonable the court shall dissolve the restraining order, and if found not reasonable the court shall continue the restraining order or modify it as the circumstances require. Costs shall be in the discretion of the court. If the court finds that the order of the inspector of buildings is unreasonable, the inspector of buildings or other designated officer shall issue no other order pursuant to the authority of this section in regard to the same building or part thereof until its condition is substantially changed. The remedies herein provided shall be exclusive remedies and anyone affected by such an order of the inspector shall not be entitled to recover any damages for the razing and removal of any such building."

We are satisfied that, looking to the plain meaning of this statute, plaintiff's application to the court for a temporary restraining order on April 9, 1969, was timely and that it was error to sustain the demurrer of the Department of Building Inspection. As we view the statute, it merely calls for an application to the circuit court within the thirty-day period. The service of the application or the resultant order need not be made within thirty days. If the application is made within the period, the court then has jurisdiction to issue a temporary restraining order *ex parte* and without service on

the city's representative as a prerequisite to jurisdiction. The statute, of course, provides that a hearing on the merits of the controversy shall be held within twenty days. Obviously, proper notice of the hearing and service of the order must then be made in order to permit subsequent proceedings contemplated by the statute. The trial court relied upon the usual motion practice which requires that, for the service of a motion to be timely, the order should not only be served but filed within the time limited. In support of that proposition, the trial court relied upon *State ex rel. Webster Mfg. Co. v. Reid* (1922), 177 Wis. 612, 188 N. W. 67, stating:

"A motion is deemed to be within the time limited if the order to show cause setting the time for hearing is served and filed within the time limited for making the application."

We deem such citation of authority inapposite as applied to the special circumstances contemplated by the legislature in sec. 66.05 ff., Stats. Moreover, sec. 268.025, entitled, "Ex parte restraining orders," indicates that the legislature clearly foresaw that, under some circumstances, temporary restraining orders could be issued *ex parte* and without prior service upon the adverse party. The language of sec. 66.05 (3), which on its face provides that a party affected need only "apply" to the circuit court within the thirty days, is indicative of the legislature's belief that the unusual circumstances of razing a building by administrative fiat triggers the right to a restraining order upon application made to the court without the necessity of prior service to obtain jurisdiction.

Both the trial court and the respondent, Department of Building Inspection, rely upon *Siskoy v. Walsh* (1963), 22 Wis. 2d 127, 125 N. W. 2d 574. Therein, the court held that the service of a summons and complaint within the thirty-day period was insufficient to comply with the

time limits of the statute when the documents were not filed with the court within the allowed time. The court, however, pointed out that such summons and complaint, even if filed in a timely fashion, would not have been construed as an application under sec. 66.05 (3), Stats. No such contention is tenable in the instant case. Here "application" was indisputably made within the thirty-day period. We therefore conclude that the court's discussion of the procedure used by the appellant in the *Siskoy Case* is not applicable to the present case, where the application was presented to the court during the thirty-day period. *Siskoy* makes it clear that the date of making the application rather than the date of service is significant.

We conclude that proper application was timely made and that the demurrer of the Department of Building Inspection should have been overruled. In view of our conclusion that the application was made within the jurisdictional time limits prescribed by statute, we need not discuss appellant's additional contentions that the Department of Building Inspection was estopped, in view of intervening negotiations with the property owner, from insisting upon strict compliance with the statute.

*By the Court.*—Order reversed.

WILKIE, J., took no part.