IN RE the INCORPORATION OF the TOWN OF FITCHBURG,
Dane County, Wisconsin, as a City:

TOWN OF FITCHBURG, et al., Appellants-Petitioners,

v.

CITY OF MADISON, Respondent.†

Supreme Court

*No. 80–980. Argued September 30, 1980.—*
*Decided November 4, 1980.*
(Also reported in 299 N.W.2d 199.)

† Motion for reconsideration denied, with costs, on December 8, 1980.

For the petitioners there were briefs by *Brian E. Butler, Richard K. Nordeng, Kristine A. Euclide, Peter T. Julka, Carolyn P. Lazar* and *Stafford, Rosenbaum, Rieser & Hansen* of Madison, and oral argument by *Richard K. Nordeng*.

For the respondent the cause was argued by *James M. Voss*, assistant city attorney, with whom on the brief was *Henry A. Gempeler*, city attorney.

WILLIAM G. CALLOW, J.  On this review we are asked to decide whether orders denying a town's motion to dismiss for lack of personal jurisdiction and enjoining a town from incorporating as a city are appealable. We find the injunction order final and thus appealable. But because we also find that the trial court lacked personal jurisdiction over the Town, the order enjoining the incorporation referendum is void.

On March 24, 1980, a petition was filed with the clerk of the Town of Fitchburg (Town) seeking an incorpora-

tion referendum pursuant to sec. 60.81, Stats.[1] Acting upon that petition, the Town passed a resolution on March 31, 1980, setting forth the wards and boundaries of the proposed City of Fitchburg, establishing notice

[1] Sec. 60.81, Stats., provides:

"60.81 Towns may become cities. (1) PETITION. Whenever the resident population of any town exceeds 5,000 as shown by the last federal census or by a census herein provided for and is adjacent to a city of the first class and contains an equalized valuation in excess of $20,000,000 and a petition has been presented and signed by 100 or more persons, each an elector and taxpayer of said town, and, in addition thereto, said petition contains the signatures of at least one-half of the owners of real estate in said town which petition requests submission of the question to the electors of the town and is filed with the clerk of the town, the procedure for becoming a fourth class city is initiated.

"(2) REFERENDUM. At the next regular meeting of the town board, said town board by resolution shall provide for a referendum by the electors of said town. The resolution shall observe the requirements of s. 5.15 (intro.) to (2) and shall determine the numbers and boundaries of each ward of the proposed city, the time of voting, which shall not be earlier than 6 weeks after the adoption of said resolution and said resolution may direct that a census be taken of the resident population of such territory as it may be on some day not more than 10 weeks previous to the date of the election, exhibiting the name of every head of a family and the name of every person a resident in good faith of such territory on such day, and the lot or quarter section of land on which he resides, which shall be verified by the affidavit of the person taking the same affixed thereto.

"(3) NOTICE OF REFERENDUM. Notice of the referendum shall be given by publication of the resolution in a newspaper published in such town, if there be one, otherwise in a newspaper designated in the resolution, once a week for 4 successive weeks, the first publication to be not more than 4 weeks before the referendum.

"(4) RETURN. The referendum shall be conducted in the same manner as elections for supervisors of the town board, and the form of the ballot shall be "for a city" or "against a city." The inspectors shall make a return to the clerk of such town.

"(5) CERTIFICATE OF INCORPORATION. If a majority of the votes are cast in favor of a city the clerk shall certify the fact to the secretary of state, together with the result of the census if any, and 4 copies of a description of the legal boundaries of the town and

procedures, and fixing the date of the referendum as June 3, 1980. Also on March 24, 1980, a second petition was filed in the Dane County Circuit Court seeking the

4 copies of a plat thereof, whereupon the secretary of state shall issue a certificate of incorporation, and record the same in a book kept for that purpose. Two copies of the description and plat shall be forwarded by the secretary of state to the department of transportation and one copy to the department of revenue.

"(6) CITY POWERS. Every city thus incorporated shall thenceforth be a body corporate and politic, with the powers and privileges of a municipal corporation at common law and conferred by ch. 62.

"(7) EXISTING ORDINANCES. Ordinances in force in the territory or any part thereof, so far as not inconsistent with ch. 62, shall continue in force until altered or repealed.

"(8) INTERIM OFFICERS. All officers of the town embracing the territory thus incorporated as a city shall continue in their powers and duties as theretofore until the first meeting of the common council at which a quorum is present. Until a city clerk shall have been chosen and qualified all oaths of office and other papers shall be filed with the clerk, with whom the petition was filed, who shall deliver them with the petition to the city clerk when he shall have qualified.

"(9) FIRST CITY ELECTION. Within 10 days after incorporation of the city, the board with the clerk of which the petition was filed shall fix a time for the first city election, designate the polling place or places, and name 3 inspectors of election for each place. Ten days' previous notice of the election shall be given by the clerk by publication in the newspapers selected under sub. (3) and by posting notices in 3 public places in such city; but failure to give such notice shall not invalidate the election. The election shall be conducted as is prescribed by Title II, except that no registration of voters shall be required. The inspectors shall make returns to such board which shall, within one week after such election, canvass the returns and declare the result. The clerk shall notify the officers-elect and issue certificates of election. If the first election shall be on the first Tuesday in April the officers so elected shall commence and hold their offices as for a regular term, as shall also their appointees. Otherwise they shall commence within 10 days and hold until the regular city election and the qualification of their successors, and the term of their appointees shall expire as soon as successors qualify."

incorporation of the Town of Fitchburg pursuant to sec. 66.014, Stats.[2] Pursuant to sec. 66.014(8)(a), the cir-

2 Sec. 66.014, Stats., provides:

"**66.014  Procedure for incorporation of villages and cities.  (1)** NOTICE OF INTENTION. At least 10 days and not more than 20 days before the circulation of an incorporation petition, a notice setting forth that the petition is to be circulated and including an accurate description of the territory involved shall be published within the county in which said territory is located as a class 1 notice, under ch. 985.

"(2) PETITION. (a) The petition for incorporation of a village or city shall be in writing signed by 50 or more persons who are both electors and freeholders in the territory to be incorporated if the population of the proposed village or city includes 300 or more persons; otherwise by 25 or more such electors and freeholders.

"(b) The petition shall be addressed to and filed with the circuit court of a county in which all or a major part of the territory to be incorporated is located; and the incorporation petition shall be void unless filed within 6 months of the date of publication of the notice of intention to circulate.

"(c) The petition shall designate a representative of the petitioners, and an alternate, who shall be an elector or freeholder in the territory, and state his address; describe the territory to be incorporated with sufficient accuracy to determine its location and have attached thereto a scale map reasonably showing the boundaries thereof; specify the current resident population of the territory by number in accordance with the definition given in s. 66.013 (2)(b); set forth facts substantially establishing the standards for incorporation required herein; and request the circuit court to order a referendum and to certify the incorporation of the village or city when it is found that all requirements have been met.

"(e) No person who has signed a petition shall be permitted to withdraw his name therefrom. No additional signatures shall be added after a petition is filed.

"(f) The circulation of the petition shall commence not less than 10 days nor more than 20 days after the date of publication of the notice of intention to circulate.

"(3) HEARING; COSTS. (a) Upon the filing of the petition the circuit court shall by order fix a time and place for a hearing giving preference to such hearing over other matters on the court calendar.

cuit court established September 15, 1980, as the hearing date on the petition. On April 16, 1980, the City of Madison (City) filed a motion with the circuit court "[f]or leave to intervene as a defendant in opposition to the Petition for the Incorporation of the City of Fitch-

"(b) The court may in its discretion by order allow costs and disbursements as provided for actions in circuit court in any proceeding under this subsection.

"(c) The court may in it discretion, upon notice to all parties who have appeared in the hearing and after a hearing thereon, order the petitioners or any of the opponents to post bond in such amount as it deems sufficient to cover such disbursements.

"(4) NOTICE. (a) Notice of the filing of the petition and of the date of the hearing thereon before the circuit court shall be published in the territory to be incorporated, as a class 2 notice, under ch. 985, and given by certified or registered mail to the clerk of each town in which the territory is located and to the clerk of each metropolitan municipality of the metropolitan community in which the territory is located. The mailing shall be not less than 10 days prior to the time set for the hearing.

"(b) The notice shall contain:

"1. A description of the territory sufficiently accurate to determine its location and a statement that a scale map reasonably showing the boundaries of the territory is on file with the circuit court.

"2. The name of each town in which the territory is located.

"3. The name and post-office address of the representative of the petitioners.

"(5) PARTIES. Any governmental unit entitled to notice pursuant to sub. (4), any school district which lies at least partly in the territory or any other person found by the court to be a party in interest may become a party to the proceeding prior to the time set for the hearing.

"(6) ANNEXATION RESOLUTION. Any municipality whose boundaries are contiguous to the territory may also file with the circuit court a certified copy of a resolution adopted by a two-thirds vote of the elected members of the governing body indicating a willingness to annex the territory designated in the incorporation petition. The resolution shall be filed at or prior to the hearing on the incorporation petition, or any adjournment granted for this purpose by the court.

burg on file herein, under Sec. 803.09(1), Wis. Stats."
That motion also sought an order "enjoining the Town
of Fitchburg from holding or conducting any referendum
by the electors of the Town of Fitchburg on the question
of the incorporation of the Town of Fitchburg as a fourth

"(7) ACTION. (a) No action to contest the validity of an incorporation on any grounds whatsoever, whether procedural or jurisdictional shall be commenced after 60 days from the date of issuance of the charter of incorporation by the secretary of state.

"(b) Any action contesting an incorporation shall be placed at the head of the circuit court calendar for an early hearing and determination. The time within which a writ of error may be issued or an appeal taken to obtain review by the court of appeals of any judgment or order in any action or proceeding contesting an incorporation is limited to 30 days from the date of the filing of such judgment or order.

"(8) FUNCTION OF THE CIRCUIT COURT. (a) After the filing of the petition and proof of notice, the circuit court shall conduct a hearing at the time and place specified in the notice, or at a time and place to which the hearing is duly adjourned.

"(b) On the basis of the hearing the circuit court shall find if the standards under s. 66.015 are met. If the court finds that the standards are not met, the court shall dismiss the petition. If the court finds that the standards are met the court shall refer the petition to the department and thereupon the department shall determine whether or not the standards under s. 66.016 are met.

"(9) FUNCTION OF THE DEPARTMENT. (a) Upon receipt of the petition from the circuit court the department shall make such investigation as may be necessary to apply the standards under s. 66.016.

"(b) Within 20 days after the receipt by the department of the petition from the circuit court, any party in interest may request a hearing. Upon receipt of the request, the department shall schedule a hearing at a place in or convenient to the territory sought to be incorporated.

"(c) Notice of the hearing shall be given in the territory to be incorporated by publishing a class 2 notice, under ch. 985, and by mailing the notice to the designated representative of the petitioners or any 5 petitioners and to all town and municipal clerks entitled to receive mailed notice of the petition under sub. (4).

"(d) Unless the court sets a different time limit, the department shall prepare its findings and determination citing the evidence in

class city, pursuant to Sec. 60.81, Wis. Stats., or any other law, until such time that this court orders an incorporation referendum under Secs. 66.014(9)(f) and 66.018, Wis. Stats." A hearing on this motion was set for May 19, 1980, before Judge Eich.

The Chapter 66 petitioners did not oppose the City's intervention but did oppose the injunction motion on the ground that the Town was not a party to the Chapter 66 proceeding, it had not been served with a summons and complaint, and therefore the court lacked personal jurisdiction over it. In support of this position, the peti-

support thereof within 90 days after receipt of the reference from the court. The findings and determination shall be forwarded by the department to the circuit court. Copies of the findings and determination shall be sent by certified or registered mail to the designated representative of the petitioners, and to all town and municipal clerks entitled to receive mailed notice of the petition under sub. (4).

"(e) The determination of the department made in accordance with the standards under ss. 66.015, 66.016 and 66.021(11)(c) shall be either:

"1. The petition as submitted shall be dismissed;

"2. The petition as submitted shall be granted and an incorporation referendum held;

"3. The petition as submitted shall be dismissed with a recommendation that a new petition be submitted to include more or less territory as specified in the department's findings and determination.

"(f) If the department determines that the petition shall be dismissed, the circuit court shall issue an order dismissing the petition. If the department grants the petition the circuit court shall order an incorporation referendum as provided in s. 66.018.

"(g) The findings of both the court and the department shall be based upon facts as they existed at the time of the filing of the petition.

"(h) Except for an incorporation petition which describes the territory recommended by the department under s. 66.014(9)(e)3, no petition for the incorporation of the same or substantially the same territory may be entertained for one year following the date of the denial of the petition or the date of any election at which the incorporation was rejected by the electors."

tioners submitted the affidavits of Douglas W. Morrissette, Town Chairman of the Town of Fitchburg, stating that he had received by mail copies of the City's motion and notice of motion addressed to him in his personal, as opposed to his official, capacity. The petitioners also submitted the affidavit of Ed Lynaugh, Town Clerk of the Town of Fitchburg, stating that he had received by mail copies of the City's motion and notice of motion addressed to him in his official capacity. The petitioners argued that service of these documents was insufficient to confer personal jurisdiction over the Town as personal jurisdiction requires service of a summons and complaint.

On May 14, 1980, the City filed a motion for an order making the Town a party to the proceeding. On May 19, 1980, the Town filed a notice of special appearance to object to the court's jurisdiction. At the May 19 hearing, Judge Eich granted the City's motion to intervene but took under advisement the other motions pending further briefing.

Notwithstanding the absence of service of a summons and complaint, in a memorandum decision dated May 20, 1980, Judge Eich granted the City's motion to make the Town a party. The basis for the decision was that the Chapter 66 proceeding was a special proceeding commenced not by summons and complaint but by petition; that the Town had received copies of the petition and the City's motion papers so it had notice of the matter; and that sec. 803.03(1)(b), Stats., in conjunction with sec. 66.014(5), empowered the court to make the Town a party. Accordingly, the court issued an order, dated May 20, 1980, "that the motion of the City of Madison for an order making the Town of Fitchburg a party to these proceedings be, and the same hereby is, granted, without any further notice to the said Town, copies of the petition and the motions filed with respect thereto by the City of Madison being attached hereto and made

a part of this order." The order also established May 22, 1980, for a hearing on the City's motion for a temporary injunction.

On May 20, 1980, the Town filed a notice of special appearance and a motion to dismiss the Town as a party to the proceeding on the grounds of lack of personal jurisdiction, insufficiency of process and insufficiency of service of process. A motion hearing was scheduled for May 28, 1980, to coincide with the hearing on the City's injunction motion. Following the hearing, by order dated May 30, 1980, Judge Eich denied the Town's motion to dismiss and granted the City's motion for an injunction, ordering "that the Town of Fitchburg, its officers and agents are enjoined from conducting any sec. 60.81, Stats., incorporation referendum on June 3, 1980, or any other incorporation referendum, other than as may be ordered by the Court at the conclusion of this proceeding pursuant to sec. 66.018, Stats." In a memorandum accompanying the May 30 order, the court addressed only the injunction question, concluding that the City had standing to challenge the sec. 60.81 incorporation proceeding; that the sec. 60.81 proceeding was not available to the Town because the City is not a city of the first class as required by sec. 60.81; and that the sec. 60.81 proceeding was no longer an independent incorporation proceeding but was assimilated into the Chapter 66 incorporation procedures.[3]

On May 30, 1980, the Town and the petitioners filed a joint notice of appeal in which they appealed to the court of appeals that portion of the May 20, 1980, order which made the Town a party, and the whole of the May 30,

---

[3] While we do not agree with the trial court's conclusion that the Chapter 66 incorporation procedures have effected the repeal of sec. 60.81, Stats., we concur with the trial court's determination that the City of Madison is not a city of the first class because it has not taken the steps required by sec. 62.05(2), Stats.

1980, order denying the Town's motion to dismiss and enjoining the Town from conducting the sec. 60.81 referendum. Concurrently with the joint notice of appeal, the Town and petitioners filed a motion for relief pending appeal and a petition for a writ of prohibition, both of which were directed toward relieving the Town of the effects of the orders from which it appeals.

The court of appeals, on May 30, 1980, denied the petition for a writ of prohibition. On May 31, 1980, the court of appeals dismissed the notice of appeal, holding that the orders appealed from were nonfinal and nonappealable. The motion for relief pending appeal was also dismissed.

By letter to the court of appeals dated June 2, 1980, the day before the sec. 60.81 referendum had been scheduled to take place, counsel for the Town and the petitioners sought reconsideration of the May 31, 1980, decision on the ground that it was clearly erroneous in failing to take notice of sec. 801.08, Stats., which provides that a trial court's "decision upon a question of jurisdiction shall be by order which is appealable." On June 2, 1980, the court of appeals issued an order declining to modify its May 31, 1980, order, holding that sec. 801.08 must be read in conjunction with sec. 808.03, Stats., and that an order denying a motion to dismiss on jurisdictional grounds is only appealable as a matter of discretion.

We granted review on June 2, 1980, and on July 10, 1980, granted the petitioners' motion to advance the case on our calendar.

I.

Our initial concern is whether the court of appeals erred in dismissing the appeal below. Although the issues before the court of appeals included the appealability

of both the May 20 and May 30 orders of the trial court, the Town now appears to challenge the appellate court's decision only as it relates to the appealability of the May 30 orders which denied the Town's motion to dismiss and granted the City's motion to enjoin the sec. 60.81 referendum. The Town's position is that both May 30 orders are final orders appealable as of right since both meet the standards set by this court for testing whether an order is final. The City argues in response that both orders are nonfinal because neither order completely terminates the litigation with respect to any party.

### (A)

The question of what constitutes a final order for purposes of an appeal of right has been before this court several times in the recent past. *Aparacor v. ILHR Department*, 97 Wis.2d 399, 293 N.W.2d 545 (1980); *Heaton v. Independent Mortuary Corp.*, 97 Wis.2d 379, 294 N.W.2d 15 (1980); *State v. Rabe*, 96 Wis.2d 48, 291 N.W.2d 809 (1980); *State v. Jenich*, 94 Wis.2d 74, 288 N.W.2d 114 (1980); *State ex rel. A.E. v. Green Lake County Cir. Ct.*, 94 Wis.2d 98, 288 N.W.2d 125 (1980). These decisions reiterate the substance of sec. 808.03, Stats., recognizing that "[o]rders which '[dispose] of the entire matter in litigation' are appealable by right; all other orders are appealable only by permission." *State v. Rabe, supra* at 56.

In *Heaton* we specifically addressed the question of the appealability of an order denying a motion to dismiss for lack of personal jurisdiction, concluding that such an order is appealable by permission only. "The order does not dispose of the entire matter in litigation; it does not resolve the dispute; it does not preclude further hear-

ing; it does not completely settle the rights of the parties. Indeed the effect of the order is to continue the litigation, not end it." *Heaton v. Independent Mortuary Corp., supra* at 396–97. The order denying the Town's motion to dismiss is squarely controlled by *Heaton.* The Town would have us reconsider *Heaton,* but we decline to do so. For reasons which shall be discussed later, we reach the jurisdictional question by a different route.

### (B)

The court of appeals also found the order enjoining the Town from conducting a sec. 60.81 referendum to be a nonfinal order "because it is clear from the record in this case that the parties and the court considered the injunction to be temporary pending disposition of this lawsuit." Order of Court of Appeals, No. 980, dated May 31, 1980. Judge Bablitch, dissenting from this portion of the appellate court order, believed the injunction order to be final in that it "permanently deprives the Town of the right to proceed with the referendum prior to the extensive review proceedings set forth in sec. 66.-014, Stats." *Id.* (Bablitch, J., dissenting.)

We believe the trial court's order enjoining the Town was intended to be, and is in its effect, a permanent prohibition on the Town's performance of its duties under sec. 60.81(1)–(4), Stats. This permanently frustrates the efforts of the sec. 60.81 petitioners and extinguishes the right to incorporate under that section as to any future 60.81 petitioners as well. Although the City's motion papers seek a temporary injunction, and the trial court's memorandum decision is denominated "Memorandum Decision on Motion for Temporary Injunction," we are not bound by these labels. Rather, "[w]e will look beyond the form and the label of the document to

the substance and nature of the determination." *Thomas/Van Dyken Joint Venture v. Van Dyken,* 90 Wis.2d 236, 241, 279 N.W.2d 459 (1979). In so doing we must ascertain whether the trial court intended the order to be final. *Fredrick v. City of Janesville,* 92 Wis.2d 685, 686-87, 285 N.W.2d 655 (1979) (Per Curiam).

The trial court's order enjoins the Town from conducting any referendum other than one "ordered by the Court." Under the incorporation procedures involved in this review, a court-ordered incorporation referendum only occurs in a Chapter 66 proceeding. The sec. 60.81 procedure does not provide for judicial oversight, and the referendum authorized pursuant to that section is not conducted by court order. Therefore, in shaping the injunction order such that any future incorporation referendum is predicated upon a court order, the trial court clearly contemplated that only a Chapter 66 referendum, not a sec. 60.81 referendum, might be held. Further support for this position is to be found in the court's memorandum decision. In attempting to reconcile the existence of two separate statutory incorporation procedures, the court concluded:

"the clear intention of the legislature in adopting secs. 66.013-66.019, Stats., was to make the procedures specified therein applicable to all proceedings for incorporation, whether instituted by the petition of electors/freeholders under sec. 66.014, or by the petition of electors/taxpayers under sec. 60.81. The referendum referred to in 60.81, would be the referendum coming after the Department's review under 66.014, and the procedures of ch. 66 would control in all cases where any conflict might exist between that chapter and sec. 60.81."

Obviously the trial court believed that sec. 60.81 incorporation procedures are now controlled by Chapter 66. It is clear that the right of the citizens of the Town to incorporate as provided in sec. 60.81 is extinguished by

the trial court's order because the Town is enjoined from carrying out its mandated functions under sec. 60.81.

We believe this order meets the test of appealability set forth in sec. 808.03(1), Stats. The only "issue in litigation" with respect to the Town is the ability to proceed under sec. 60.81. The trial court's order settles that issue with finality. The City argues that the order is nonfinal because it does not terminate the Chapter 66 proceeding to which, it notes, the Town is still a party. Therefore, the City claims the Town still has the right, under sec. 66.017, to appeal the final Chapter 66 order, which would then permit the review of the injunction order. We are not comforted by the clarity of the review procedures described in sec. 66.017, nor are we certain that a review of the final order terminating the Chapter 66 proceeding would necessarily bring forth for review the injunction order we presently consider. *See, e.g., Hoppenrath v. State,* 97 Wis.2d 449, 462, 293 N.W.2d 910 (1980). However, we need not address these contentions. In this case it is evident that the only reason the City wanted to make the Town a party to the Chapter 66 proceeding was to seek to terminate the sec. 60.81 effort. Beyond that purpose, the Town's presence as a party to the continuing Chapter 66 proceeding is nominal only. Under Chapter 66 the Town whose territory is being considered for incorporation is not required to be a party. The Town may become a party, as may any other interested person or governmental unit, as provided by sec. 66.014(5), Stats., but there are no issues which require for their determination that the Town be a party. As a result, we find that the trial court's order enjoining the Town from conducting a sec. 60.81 referendum terminated the only matter in litigation with respect to the Town. The court of appeals erred in finding it nonappealable.

## II.

Having found an appealable order, our course now returns to a consideration of the jurisdictional order we initially found to be nonappealable. Sec. 809.10(4), Stats., provides that "[a]n appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon." By operation of this language, we are now confronted with the merits of the Town's claim that the trial court erred in denying the Town's motion to dismiss it as a party for lack of personal jurisdiction. The basis of the Town's claim is that it was made a party and then subjected to an adverse order without ever having been served with a summons and complaint. The trial court denied the Town's motion to dismiss summarily at the same time it decided to issue the injunction. However, in its memorandum decision accompanying the order of May 20, 1980, making the Town a party, the court discussed the jurisdictional problem. We assume the reasons stated in that decision are applicable to the order under review.

In brief, the trial court concluded the Town was subject to the court's jurisdiction without service of summons and complaint for three reasons: (1) The Chapter 66 procedure is a special proceeding commenced by petition, and "[t]o require (as the Town urges) the City of Madison to draft a summons and complaint and serve them on the Town would be to ignore both the form and the substance of the pending proceeding"; (2) secs. 66.014(5) and 803.03(1), Stats., authorize the court to make the Town a party to the proceeding; and (3) the Town had received copies of the petition and the City's motions and was, in fact, on notice as to the proceeding.

Considering the second of these reasons, we do not read sec. 66.014(5), Stats., as conferring upon the trial court the power to effect involuntary joinder. The language of that section, as it applies to the Town, provides that "[a]ny governmental unit entitled to notice pursuant to sub. (4), . . . may become a party to the proceeding prior to the time set for the hearing." We have stated that "[a]mbiguity in a statute exists when '. . . a statute is capable of being understood by reasonably well-informed persons in two or more different senses.'" *Wirth v. Ehly*, 93 Wis.2d 433, 441, 287 N.W.2d 140 (1980). Interpreting the language of sec. 66.014(5) as authorizing the court to compel joinder is within the bounds set forth in *Wirth*. Therefore, we may resort to extrinsic aids to determine legislative intent. *Id.* at 442.

Sec. 66.014(5), Stats., was created by sec. 5 of Chapter 261, Laws of 1959. A drafter's note to that section provides:

"Sub. (5) broadens existing law by permitting any party having a legitimate interest in the proposed incorporation to enter the proceedings prior to the hearing. It is the intent of this provision to give the review authorities an opportunity to hear all relevant testimony, particularly from neighboring municipalities or towns which might be affected by the incorporation."

The existing law to which the note refers is sec. 61.07(2), Stats., 1957, which was a part of the statutory framework governing the incorporation of villages. That section provides:

"(2) If such a petition is not filed, the court shall hear all parties interested for or against such application who shall seasonably appear; may in its discretion adjourn such hearing from time to time, direct a resurvey to be made or another census taken by whomsoever it shall appoint, and refer any question for examination and

report thereon. Any town containing territory of the proposed new village shall upon application be a party and entitled to be heard on any matter pertaining to the right of such proposed territory to incorporate as a village."

Under that law the court was required to hear all interested parties who appeared "seasonably," but the only entities which were allowed to become parties to the proceeding were the Towns whose territories were to be incorporated. That they "shall upon application be a party" does not authorize the court to compel their presence. It means only that, should they desire to apply, they could become parties. Consistent with the drafter's note above, the language of sec. 66.014(5) now permits any interested person or governmental unit to become a party, not just the governmental units whose territories may be incorporated. Accordingly, we conclude that sec. 66.014(5) declares only that interested parties who are desirous of becoming parties to the proceeding may do so. It does not empower the court to compel joinder.

Neither does the trial court's reliance upon sec. 803.03 (1), Stats., in conjunction with sec. 66.014(5), authorize joinder without service of process. Sec. 803.03 (1) is the necessary parties provision of the Rules of Civil Procedure, which provides as follows:

"(1) PERSONS TO BE JOINED IF FEASIBLE. A person who is subject to service of process shall be joined as a party in the action if (a) in the person's absence complete relief cannot be accorded among those already parties, or (b) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may 1. as a practical matter impair or impede the person's ability to protect that interest or 2. leave any of the persons already parties subject to a substantial risk

of incurring double, multiple or otherwise inconsistent obligations by reason of his or her claimed interest."

This subsection establishes the criteria by which it can be determined who must be joined in an action. *See:* Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure, Chapters 801–803,* 59 Marq. L. Rev. 1, 79–90 (1976). We need not decide whether the Town is a necessary party according to sec. 803.03(1), since even if it were, when a trial court, pursuant to subsection (3), orders "that the person be made a party," a summons and complaint must be served in order to commence the action as to that person. *See:* Secs. 801.02(1), 801.05, and 801.06, Stats. This leads to the third reason underlying the trial court's exercise of jurisdiction over the Town which is that the City's motion papers gave the Town actual notice of the proceeding. We have held that motion papers are insufficient to confer jurisdiction over a party where a summons and complaint are required. *Estate of Von Wald,* 24 Wis.2d 256, 257–58, 128 N.W.2d 398 (1964); *Madison v. Pierce,* 266 Wis. 303, 306, 62 N.W.2d 910 (1954). Accordingly, even if the Town were a necessary party under sec. 803.03(1), its joinder could not be effectuated, pursuant to the Rules of Civil Procedure, by service of the City's motions.

We come to the principal question, then, of whether the fact that Chapter 66 is a special proceeding eliminates the need for service of summons and complaint in order to effectuate the joinder of a party. Sec. 801.01(2), Stats., states that

"[t]he sections in chs. 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule."

The answer thus hinges upon whether Chapter 66 provides a different procedure for the compulsory joinder

of and extension of the court's jurisdiction over the
Town which does not require the service of a summons
and complaint. We cannot find such a procedure in
Chapter 66.

We have already determined that sec. 66.014(5), Stats.,
does not empower the trial court to compel joinder. Nor
do we find such authority expressed in any other pro-
vision of the Chapter 66 incorporation procedures, secs.
66.013–66.019. Rather, Chapter 66 incorporations con-
template that the parties to the proceeding will be those
who petition under sec. 66.014(2), and those who inter-
vene under sec. 66.014(5). This fact is significant for
two reasons. First, it invokes the procedural rules gov-
erning civil actions and special proceedings found in
Chapters 801 et seq. which, as we have pointed out,
require a summons and complaint in order to commence
a civil action as to a party. Second, it refutes the trial
court's assertion that to require the City to serve a
summons and complaint "would be to ignore both the
form and the substance of the pending proceeding."
By first searching the provisions of the Chapter 66 in-
corporation statutes for procedural equivalents of com-
pulsory joinder and service of process and finding none,
we have satisfied the test of sec. 801.01(2). Our refer-
ence to the Rules of Civil Procedure is made in clear
recognition of the "form and substance" of the pending
proceeding.

Once we have determined that the Rules of Civil Pro-
cedure govern the Town's joinder and entitlement to
service, the insufficiency of the procedures employed
by the City become apparent. This conclusion is com-
pelled by three provisions of the Rules of Civil Pro-
cedure. Sec. 801.02(1), Stats., states:

"(1) A civil action in which a personal judgment is
sought, other than certiorari, habeas corpus, mandamus

or prohibition, is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing."

Sec. 801.04 (2), Stats., provides:

"(2) PERSONAL JURISDICTION. A court of this state having jurisdiction of the subject matter may render a judgment against a party personally only if there exists one or more of the jurisdictional grounds set forth in s. 801.05 or 801.06 and in addition either:

"(a) A summons is served upon the person pursuant to s. 801.11; or

"(b) Service of a summons is dispensed with under the conditions in s. 801.06."

Sec. 801.06, Stats., provides:

"A court of this state having jurisdiction of the subject matter may, without a summons having been served upon a person, exercise jurisdiction in an action over a person with respect to any counterclaim asserted against that person in an action which the person has commenced in this state and also over any person who appears in the action and waives the defense of lack of jurisdiction over his or her person as provided in s. 802.06 (8)."

These sections make clear that for a court to exercise personal jurisdiction over a party which neither submits nor waives a jurisdictional objection, a summons and complaint must issue. Our cases have been consistent in so holding. *See: Howard v. Preston,* 30 Wis.2d 663, 669, 142 N.W.2d 178 (1966); *Home Bank v. Becker,* 48 Wis.2d 1, 6, 179 N.W.2d 855 (1970); *Gehr v. Sheboygan,* 81 Wis.2d 117, 122, 260 N.W.2d 30 (1977). Exceptions to this rule have been recognized in cases where a court exercises jurisdiction over a criminal defendant or juvenile because of the accused's physical presence in the court, *Pillsbury v. State,* 31 Wis.2d 87, 92, 142

N.W.2d 187 (1966) ; *State ex rel. La Follette v. Circuit Court,* 37 Wis.2d 329, 343, 155 N.W.2d 141 (1967), and where a statute specifically provides for the exercise of jurisdiction without service. *Berkoff v. Dept. of Building Inspection,* 47 Wis.2d 215, 218, 177 N.W.2d 142 (1970). In *Berkoff* the court stated:

"The language of sec. 66.05(3), which on its face provides that a party affected need only 'apply' to the circuit court within the thirty days, is indicative of the legislature's belief that the unusual circumstances of razing a building by administrative fiat triggers the right to a restraining order upon application made to the court without the necessity of prior service to obtain jurisdiction." *Id.* at 218.

In the instant case there is no specific statutory grant of jurisdiction without service, nor did the Town submit to the court's jurisdiction.

It is important also to note that the nature of the relief sought by the City is similarly not expressly provided for in Chapter 66. Secs. 66.014(8) and 66.014 (9)(f) and (g), Stats., which delineate the role of the court in a Chapter 66 incorporation, do not provide for the sort of relief the City sought to obtain. Accordingly, with the "form and substance" of the Chapter 66 procedure in mind, we hold that the City, in order to obtain relief which is not provided in Chapter 66, against a party whose joinder is not provided in Chapter 66, should have served the Town with summons and complaint as provided by the Rules of Civil Procedure. We conclude, therefore, that the trial court lacked personal jurisdiction over the Town, and the Town's motion to dismiss should have been granted.

*By the Court.*—The order of the court of appeals is reversed, and the order of the trial court enjoining the sec. 60.81 referendum is vacated. The case is remanded

to the trial court with instructions to grant the Town's motion to dismiss.

SHIRLEY S. ABRAHAMSON *(dissenting)*. I dissent because I conclude that the circuit court's order enjoining the Town of Fitchburg "from conducting any sec. 60.81, Stats., incorporation referendum" does not dispose of the entire matter in litigation as to the Town and it is therefore not a final order appealable as of right under sec. 808.03(1), Stats. [1]

In the proceeding before the circuit court the Town had an interest in two issues: the outcome of the chapter 66 incorporation proceeding and the availability of sec. 60.81, Stats., as a separate means of incorporation. The order settles with finality only the issue of the Town's ability to proceed under sec. 60.81. Settlement of one of two issues does not meet the requirement of finality under sec. 808.03(1). Finality in sec. 808.03(1) relates not to the final resolution of an issue but to the final resolution of the entire matter in litigation between one or more parties. *Heaton v. Independent Mortuary Corp.*, 97 Wis.2d 379, 396, 294 N.W.2d 15 (1980).

The Town properly concedes in its brief that its interest in the chapter 66 proceeding has not been finally determined by the injunction. The brief states: "It must be conceded that the town's rights and interests in the ch. 66 incorporation proceeding have not been finally determined by the trial court's order. These rights will not be resolved until the ch. 66 proceedings are

---

[1] Sec. 808.03(1), Stats., provides that a final order is one "which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."

I agree with the majority opinion that the order denying the Town's motion to dismiss for lack of personal jurisdiction is not appealable of right. *Heaton v. Independent Mortuary Corp.*, 97 Wis.2d 379, 294 N.W.2d 15 (1980).

concluded." Appellants' Brief on Appeal, p. 14.[2] I therefore cannot join the majority opinion which concludes

[2] The portion of the Town's brief dealing with the issue of appealability states:

"Upon the order of the trial court, the town, over its objections, was allegedly made a party to the ch. 66 lawsuit. While it could have done so, the town had not sought to be a party to that proceeding. It is clear that the only reason the city sought to have the town made a party was so that it could obtain an order against the town and its officers and agents to enjoin the sec. 60.81 referendum. The city's motion to make the town a party stated that the town's scheduling of the June 3rd 60.81 referendum 'forms the basis for the need to add the Town of Fitchburg as a party in this proceeding. . . .' (R 10–3) The city never asserted that the town should be made a party so that it (the town) could protect its own interests in the ch. 66 proceeding.

"In any event, the town is now an ostensible party to the lawsuit in two separate and distinct capacities: (1) as protecting its own rights and interests in incorporation under the ch. 66 procedure, and (2) as standing in the shoes of the 2,100 persons attempting to follow the sec. 60.81 incorporation route.

"It must be conceded that the town's rights and interests in the ch. 66 incorporation proceeding have not been finally determined by the trial court's order. Those rights will not be resolved until the ch. 66 proceedings are concluded.

"However, the town is involved as a party here in a separate and distinct capacity. It is standing in the place of the 2,100 petitioners who initiated the sec. 60.81 incorporation effort. The town scheduled the sec. 60.81 referendum on behalf of, and at the instance of, the 2,100 petitioners. In fact, under sec. 60.81(2), the town was required to provide for the referendum upon receipt of the petitions. The town in scheduling the referendum was not acting on its own behalf. It was simply attempting to do what the statute and the 2,100 petitioners required it to do. The actions of the town enjoined by the trial court were the actions it sought to take in this representative capacity.

"When the trial court decided that there could never be any referendum under the sec. 60.81 procedure, it completely decided the rights of the 2,100 petitioners even though the ch. 66 proceeding remains. The order disposed of the only matter in litigation as to the town in its capacity as a representative of the 2,100 petitioners. Accordingly, the test of finality is met as to one or more of the parties."

that "the trial court's order enjoining the Town from conducting a sec. 60.81 referendum terminated the only matter in litigation with respect to the Town."[3]

The Town attempted to overcome the fact that after the order it continued as a party to the chapter 66 proceeding by arguing that it was involved in the proceeding in two separate and distinct capacities: (1) As the governmental unit, and (2) as the representative of the 2,100 petitioners who initiated the sec. 60.81 incorporation effort. The Town argued that the order disposed of the entire matter in litigation as to the Town in its representative capacity and the order was therefore final and appealable under sec. 808.03(1), Stats. The record does not substantiate this claim and both the majority and dissent reject it. Both the majority and dissent treat the Town as a party in its governmental capacity.

Accordingly, I would hold that there is no final order appealable of right and I would dismiss the appeal.[4]

---

[3] The majority opinion is unfortunately too sweeping. It not only holds against the Town as to the sec. 60.81 proceeding (*see dicta* note 3 of the majority opinion) but also may be construed as holding that the Town can no longer participate as a party in the chapter 66 proceeding in circuit court or in any appeal or review thereof since the "Town's presence as a party to the continuing Chapter 66 proceeding is nominal only" and the only matter in litigation with respect to the Town has now been terminated.

[4] This court does not review the court of appeal's discretion in refusing to hear an appeal under sec. 808.03(2), Stats. *State ex rel. Jenich,* 94 Wis.2d 74, 77 n. 2, 288 N.W.2d 114 (1980).