Dina MATLIN, Plaintiff-Appellant,

v.

CITY OF SHEBOYGAN, Defendant-Respondent.

Court of Appeals

*Nos. 00–2389, 00–2390. Submitted on briefs May 11, 2001.—
Decided July 18, 2001.*

2001 WI App 179

(Also reported in 634 N.W.2d 115.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Michael F. Bishop* of *Kopp, Arena & Bishop, S.C.*, of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Charles C. Adams*, assistant city attorney.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1. BROWN, P.J. Dina Matlin appeals from an order granting the City of Sheboygan's motion to dismiss for lack of subject matter jurisdiction to hold a hearing on raze orders issued by the City. We determine

that the requirement of WIS. STAT. § 66.0413(1)(h) (1999–2000)[1] to hold a hearing within twenty days of her application is directory, and therefore the failure to hold the hearing within that time did not terminate jurisdiction. We reverse and remand to the trial court for further proceedings consistent with this opinion.

¶ 2. On November 1, 1999, Matlin received raze orders on two properties she owns in the City of Sheboygan.[2] On November 13, 1999, Matlin applied for temporary restraining orders (TROs) and a hearing on the reasonableness of the raze orders pursuant to WIS. STAT. § 66.0413(1)(h). The statute requires the hearing to be held within twenty days of the application. *Id.* The trial court granted the application and scheduled the hearing for December 15, 1999. On December 7, 1999, Matlin requested a substitution of judge under WIS. STAT. § 801.58. The trial court granted this request and adjourned the December 15 hearing pending the assignment of a new judge.

¶ 3. On December 22, 1999, the clerk of courts assigned a new judge and a scheduling conference was set for February 1, 2000. The record contains no transcript of that conference but the parties indicate in their briefs that a hearing date of May 3, 2000 was set to determine the reasonableness of the raze orders. On March 3, 2000, the City filed a motion to dismiss, claiming that twenty days had elapsed since Matlin's application and therefore the court lacked jurisdiction

---

[1] The statute for razing buildings was recently reorganized by 1999 Wis. Act 150 §§ 134–49. Former WIS. STAT. § 66.05(3) (1997–98) is now contained in WIS. STAT. § 66.0413(1)(h). All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] These separate cases, No. 00–2389 and No. 00–2390, were consolidated by the trial court.

to hold a hearing. In her reply brief, Matlin raised issues of personal service and notice. A hearing was held on the motion to dismiss on May 2, 2000. The trial court adjourned for an evidentiary hearing on the service of the raze orders as well as the motion to dismiss. On May 30, 2000, the trial court granted the City's motion to dismiss without addressing the issues of service and notice. The trial court then granted a stay of the raze orders for 120 days pending appeal to this court. We issued a stay which remains in effect.

¶ 4. On appeal, we are faced with a single issue: whether the time limitation for holding a hearing in WIS. STAT. § 66.0413(1)(h) is directory or mandatory.[3] If the statute is mandatory, then the lapse of twenty days without a hearing deprives the trial court of jurisdiction. *State v. Rosen*, 72 Wis. 2d 200, 208, 240 N.W.2d 168 (1976). Whether a court has jurisdiction is a question of law that we determine independently. *State ex rel. V.J.H. v. C.A.B.*, 163 Wis. 2d 833, 840, 472 N.W.2d 839 (Ct. App. 1991).

¶ 5. The exclusive remedy for challenging raze orders issued by a municipality is found in WIS. STAT. § 66.0413(1)(h):

> (h) *Restraining order.* A person affected by an order issued under par. (b) may within [thirty days] apply to the circuit court for an order restraining the building inspector or other designated officer from razing the building or forever be barred. The hearing *shall* be held within 20 days and shall be given preference. The court shall determine whether the raze order is reasonable. . . . (Emphasis added.)

---

[3] Matlin does not raise the issues of personal service and notice on appeal.

Use of the word "shall" creates a presumption that the statute is mandatory. *Karow v. Milwaukee County Civil Serv. Comm'n*, 82 Wis. 2d 565, 570, 263 N.W.2d 214 (1978). That presumption is strengthened where the legislature uses the word "may" in the same or related sections, for such use demonstrates that "the legislature was aware of the different denotations and intended the words to have their precise meanings." *Id.* at 571. The City argues that while the word "may" is not used in para. (h), it is used numerous times in other paragraphs of subsec. (1) and, therefore, the presumption that "shall" is mandatory is strengthened.

¶ 6. The court in *Karow*, however, noted that even where "shall" and "may" are used in the same section of the statute, the former term may nonetheless be construed as directory if such a construction is "necessary to carry out the legislature's clear intent." *Id.* The court then applied the following factors to determine whether time limitations should be considered mandatory or directory: (1) the omission of a prohibition or a penalty, (2) the consequences resulting from one construction or the other, (3) the nature of the statute, the evil to be remedied, and the general object sought to be accomplished by the legislature, and (4) whether the failure to act within the time limit works an injury or wrong. *Id.* at 572. We agree with Matlin that when we apply these factors to the case before us, we must conclude that the statutory time limit for holding a hearing on a raze order is directory.

¶ 7. Prior case law has established that the purpose of the raze statute is to protect the public from exposure to the evils caused by buildings which have seriously deteriorated. *City of Appleton v. Brunsch-*

*weiler*, 52 Wis. 2d 303, 306, 190 N.W.2d 545 (1971). To effectuate this purpose, the statute makes repairs presumptively unreasonable beyond fifty percent of the assessed value and declares such structures public nuisances. WIS. STAT. § 66.0413(1)(c), (k). Section 66.0413(1)(h) is the exclusive remedy for an owner by which he or she may contest the reasonableness of the orders, but the owner has only thirty days to pursue it. *Brunschweiler*, 52 Wis. 2d at 307. An owner who fails to pursue this remedy within that time forfeits his or her right to a judicial hearing. *Gehr v. City of Sheboygan*, 81 Wis. 2d 117, 124, 260 N.W.2d 30 (1977).

¶ 8. With the purpose of the statute in mind, we address the *Karow* factors in order. First, there is no specific penalty provided for failure to adhere to the time provision for a hearing. The legislature could have provided one, but instead placed a penalty on the owner for failure to petition the court for a hearing within thirty days. As we noted, an owner who fails to petition the court within thirty days is forever barred. WIS. STAT. § 66.0413(1)(h). On the other hand, compliance with that time provision confers jurisdiction on the trial court even without prior service on the City's representative. *Berkoff v. Dep't of Bldg. Inspection & Safety Eng'g of the City of Milwaukee*, 47 Wis. 2d 215, 217–18, 177 N.W.2d 142 (1970). This is an exception to customary motion practice that recognizes the special circumstances of razing a building by administrative fiat. *Id.* at 218. Because there is no question in this case that Matlin's petition was timely filed, we are not inclined to penalize her by the failure to hold a hearing in the absence of an express legislative intent to do so.

¶ 9. We now explore the consequences resulting from one construction or another. The primary consequence resulting from a mandatory construction of the

twenty-day time limit is that Matlin will suffer complete loss of her property by governmental action without a hearing. It would allow a building inspector's initial determination of the building's condition to become final and binding on the owner, without the reasonableness of that determination being tested in court. This is a power which we think the legislature did not intend to give to the City at the early stages of a raze. Instead, raze orders are simply administrative determinations that initiate a hearing process through the state court system. *See Devines v. Maier*, 728 F.2d 876, 885 (7th Cir. 1984).

¶ 10. On the other hand, a directory construction of the time provision would more effectively balance the competing interests at stake. The interest of the City and public in preventing harm from dilapidated buildings is adequately served by the initial raze order. This triggers the events which may lead to the repair or removal of the dangerous buildings. The interests of the owner are likewise protected by adherence to basic principles of due process, requiring the City to prove its compliance with the statutory prerequisites of WIS. STAT. § 66.0413 for issuing raze orders. Certainly this is a desirable result, especially when the owner in this case has fulfilled every obligation imposed upon her for petitioning the court for a hearing in the first instance. Because the same considerations may also be viewed as the "objects sought to be accomplished" by the statute, that factor of the *Karow* analysis also favors a directory construction in this case. *See F.T. v. State*, 150 Wis. 2d 216, 227, 441 N.W.2d 322 (Ct. App. 1989).

¶ 11. In *Karow*, the court said that a time limit may be construed as directory when allowing something to be done after the time prescribed would not result in an injury. *Karow*, 82 Wis. 2d at 572. In this

case, the City argues the public is injured by a directory construction because it results in prolonged public exposure to the evils caused by deteriorated buildings. The City fails to see that the directive to have the hearing within twenty days is as much for the owner's benefit as it is for the City's. While the purpose of the statute is to address dangerous buildings, the purpose of the hearing is also to give owners a meaningful opportunity to be heard in an expeditious manner. It is this due process concern that drives the decision in *Rosen* upon which the City relies.

¶ 12. In *Rosen*, an automobile owner challenged the State's forfeiture action for failure to set a hearing within the statutory time limit. *Rosen*, 72 Wis. 2d at 203. The court determined that the loss of the use of an automobile was considered to be the type of injury warranting interpretation of the statutory time limit as mandatory. *Id.* at 208. The basis for the opinion was clearly the interests of the "possibly innocent owner" which should be protected by strict compliance with procedural safeguards. *Id.* Similarly, in *Karow*, the delay in a hearing worked an injury to an employee suspended without pay. *Karow*, 82 Wis. 2d at 573. The court concluded that the statutory time limit was therefore mandatory. *Id.*

¶ 13. In this case, when we appropriately focus on the potential serious injury to the owner if she is not afforded an opportunity to be heard, we can only conclude that the statute is directory. We are convinced that allowing the hearing to proceed after lapse of the time period will protect the interests of the owner without significant risk of injury to the public. The correctness of this position is underscored by the general rule of liberal construction for procedural statutes

in order to permit a determination upon the merits of the controversy. *Rosen*, 72 Wis. 2d at 204–05.

¶ 14. Nevertheless, the City argues that Matlin, through her own actions, lost the opportunity to be heard. At the time of the hearing on the motion for judicial substitution, the City notes, it objected to any waiver of the twenty-day requirement. This should have given notice to Matlin, the City posits, that she needed to move to protect her interests. The City further points out that at the scheduling conferences, Matlin acquiesced to the dates set for hearings even though the dates exceeded the time limit. We fail to see, however, how any of these actions by Matlin put her at fault for purposes of the statutory requirements imposed upon her for protecting her interests. She timely filed her application for a hearing, timely filed her request for judicial substitution and then accepted the hearing dates imposed upon her by the court. She had no responsibility for assigning a hearing date; any delay was caused by the clerk of courts. While we appreciate the pressures and constraints of a busy court calendar, the fact remains that the statute directs the court to give preference in its schedule for the hearing. Regardless of Matlin's motivation in requesting judicial substitution, there is no fault on her part for the failure of the hearing to take place within twenty days of the application. *See* 3 NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 57.19 (5th ed. 1992) (time provisions are often found to be directory where a mandatory construction might do injury to persons not at fault).

¶ 15. In conclusion, we determine that the statutory time limit for holding a hearing to determine the reasonableness of raze orders is directory. Under the

statute, the trial court shall endeavor to hold the hearing within twenty days of the application in order to balance the needs of the public for safety and the right of the owner to be heard. Where, as here, there is a timely request for substitution that increases the time requirements, the trial court shall schedule the hearing at the earliest convenient time. The order granting the motion to dismiss is reversed and we remand this matter for proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.