August E. FABYAN, Plaintiff-Appellant,

v.

Gregg ACHTENHAGEN, Don Dupeis, Bruce Kessler, Al Haubner and Town of Delafield Board of Appeals, Defendants-Respondents.

Court of Appeals

*No. 01–3298. Submitted on briefs April 26, 2002.—Decided July 24, 2002.*

2002 WI App 214

(Also reported in 652 N.W.2d 649.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *August E. Fabyan* of *Haight & Fabyan, S.C.* of Hartland.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *H. Stanley Riffle* and *Julie A. Aquavia* of *Arenz, Molter, Macy & Riffle, S.C.* of Waukesha.

Before Brown, Anderson and Snyder, JJ.

¶ 1. SNYDER, J.   August E. Fabyan appeals from a judgment and order of the trial court dismissing his complaint again the Town of Delafield Board of Appeals, Gregg Achtenhagen, Don Dupeis, Bruce Kessler and Al Haubner (all members of the Town of Delafield Board of Appeals, hereinafter collectively referred to as the Board) alleging violations of Wisconsin's open meetings laws. In his original brief, Fabyan made several arguments regarding the propriety of the Board's decision regarding his request for a zoning variance. In supplemental briefing ordered by this court, Fabyan addresses whether his failure to bring this action on behalf of the State pursuant to WIS. STAT. § 19.97 (1999–2000)[1] is fatal. We conclude that it is fatal and dismiss this appeal.

## FACTS

¶ 2.   Fabyan filed a petition for a variance from a town of Delafield zoning ordinance; a public hearing was held on this variance on February 26, 1998. On March 3, 1998, the Board met again, adjourned into a closed session, reconvened into an open session and voted on said variance.

¶ 3.   On April 16, 1999, Fabyan filed a complaint alleging that the Board met to debate his request for a zoning variance in a closed session in violation of the open meetings laws. Fabyan also alleged that the Waukesha county district attorney's office failed to prosecute the matter within twenty days of receipt of his complaint.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

¶ 4. The Board filed a motion for summary judgment.[2] The Board argued that its actions did not constitute a violation of the provisions of WIS. STAT. ch. 19. On November 20, 2001, the trial court issued a decision granting the Board's motion for summary judgment, holding that there was no violation of the open meetings laws at the March 3, 1998 hearing or in the preparation of the findings of fact and conclusions of law. Fabyan's claims were dismissed with prejudice.

## DISCUSSION

¶ 5. Fabyan filed his notice of appeal with the court of appeals on December 10, 2001, and briefing ensued. In the original briefs, several issues were raised and discussed surrounding the conduct of the Board. However, after briefing was completed, we ordered the parties to submit supplemental briefs on the following issue:

> Appellant seeks appellate relief based upon the Delafield Board of Appeals alleged violation of Wisconsin's Open Meetings Law. WIS. STAT. § 19.97(4) requires that a private prosecutor must bring an action concerning an open meetings violation "in the name, and on behalf, of the state." Appellant relies upon *State ex rel. Hodge v. Turtle Lake*, 180 Wis. 2d 62, 508 N.W.2d 603 (1993), in which private prosecutor Hodge complied with the above requirement of § 19.97(4). However, appellant did not bring this action "in the name, and on behalf, of the state." Is a failure to comply with § 19.97(4) in this regard fatal to a private prosecutor action?

---

[2] Although it is clear that the Board did file a motion for summary judgment, as it is referenced throughout the record, the motion itself cannot be found anywhere in the record.

¶ 6.   Fabyan argues that his failure to title the action "State ex. rel" is not fatal, as WIS. STAT. §§ 802.03 and 803.01 "make it clear not only that the failure to correctly allege or identify a party is not jurisdictional, but also that issue must be raised by the Defendants." He also argues that when a party makes a pleading error, there are liberal rights of amendment. The Board argues that this error is fatal. We agree with the Board.

¶ 7.   Fabyan's argument addresses the trial court's jurisdiction, not its competency to proceed. While a trial court may have subject matter jurisdiction to consider and determine any type of action, failure to comply with a statutory mandate results in a loss of competency that prevents a court from adjudicating the specific case before it. *State v. Bollig*, 222 Wis. 2d 558, 565, 587 N.W.2d 908 (Ct. App. 1998).

> Competency is a narrower concept than subject matter jurisdiction and is grounded in the court's power to exercise its subject matter jurisdiction . . . . Although a court is vested with subject matter jurisdiction by the constitution, the legislature may enact statutes which limit a court's power to exercise subject matter juris-diction. Such legislative measures affect a court's com-petency rather than its jurisdiction.

*Id.* at 565–66 (citation omitted). Failure to comply with a statutory directive may result in a loss of competency to proceed. *Id.* at 566.

¶ 8.   Here, the legislature has specifically dictated what a plaintiff must do to initiate a cause of action. Fabyan did not comply with this mandate. The trial

court lacked the competence to proceed with this case because the clear mandates of the statute were not followed.[3]

¶ 9. Fabyan also argues that pleading statutes should be liberally construed and when a party makes such a pleading error, there are liberal rights of amendment; he cites to the general pleading provisions of WIS. STAT. §§ 801.08, 802.03, 802.06, 803.01 and 805.18 in support of his arguments.[4]

**[5]**

¶ 10. However, the language governing enforcement of open meetings laws, set forth in WIS. STAT. § 19.97, is clear:

> **(1)** *This subchapter shall be enforced in the name and on behalf of the state* by the attorney general or, upon the verified complaint of any person, by the district attorney of any county wherein a violation may occur. In actions brought by the attorney general, the court shall award any forfeiture recovered together

---

[3] Fabyan does not raise the issue of whether this defect is fundamental or technical in nature. While fundamental defects by definition deprive the court of personal jurisdiction, technical defects deprive the court of personal jurisdiction only if the defect is prejudicial to the defendant. *Am. Family Mut. Ins. Co. v. Royal Ins. Co. of Am.*, 167 Wis. 2d 524, 533, 481 N.W.2d 629 (1992). The burden is on the party alleged to have served the defective pleading to demonstrate that the defect was not fundamental but technical in nature and did not prejudice the defendant. *Id.*

[4] Fabyan claims to have "filed a Motion to amend the Complaint to correctly allege that the action is prosecuted in the name[] and on behalf of the State of Wisconsin." WISCONSIN STAT. RULE 809.80(1) requires that "[a] person shall file any paper required to be filed by these rules with the clerk of the court, State Capitol, Madison, Wisconsin 53702 . . . ." As of June 26, 2002, no motion had been filed in the clerk's office in Madison.

with reasonable costs to the state; and in actions brought by the district attorney, the court shall award any forfeiture recovered together with reasonable costs to the county.

(2) In addition and supplementary to the remedy provided in s. 19.96, the attorney general or the district attorney may commence an action, separately or in conjunction with an action brought under s. 19.96, to obtain such other legal or equitable relief, including but not limited to mandamus, injunction or declaratory judgment, as may be appropriate under the circumstances.

(3) Any action taken at a meeting of a governmental body held in violation of this subchapter is voidable, upon action brought by the attorney general or the district attorney of the county wherein the violation occurred. However, any judgment declaring such action void shall not be entered unless the court finds, under the facts of the particular case, that the public interest in the enforcement of this subchapter outweighs any public interest which there may be in sustaining the validity of the action taken.

(4) If the district attorney refuses or otherwise fails to commence an action to enforce this subchapter within 20 days after receiving a verified complaint, the person making such complaint may bring an action under subs. (1) to (3) on his or her relation *in the name, and on behalf, of the state*. In such actions, the court may award actual and necessary costs of prosecution, including reasonable attorney fees to the relator if he or she prevails, but any forfeiture recovered shall be paid to the state.

(5) Sections 893.80 and 893.82 do not apply to actions commenced under this section. (Emphasis added.)

Where a general statute is at odds with a more specific statute, the more specific statute applies. *See State v. Smith*, 106 Wis. 2d 151, 159, 316 N.W.2d 124 (Ct. App. 1982).

¶ 11. Violators of the open meetings laws are subject to a forfeiture. WIS. STAT. § 19.96. When a forfeiture is imposed by statute, it may be recovered in a civil action unless the act is punishable by a fine or imprisonment, WIS. STAT. § 778.01, and every such action shall be in the name of the State, WIS. STAT. § 778.02.

■

¶ 12. Furthermore, Fabyan's requested relief includes forfeitures and fines of $300 from each Board member for each violation and an order determining that the Board's findings of fact and conclusions of law denying his variance are void. Fabyan proceeds solely under WIS. STAT. § 19.97. While WIS. STAT. § 19.96 allows for forfeitures to be imposed,[5] a fine is not allowed and "any forfeiture recovered shall be paid to the state." Sec. 19.97(4). Furthermore, "[a]ny action taken at a meeting of a governmental body held in violation of this subchapter is voidable . . . ." Sec. 19.97(3). Summary reversal is unavailable to Fabyan under sec. 19.97.

---

[5] WISCONSIN STAT. § 19.96 states:

Any member of a governmental body who knowingly attends a meeting of such body held in violation of this subchapter, or who, in his or her official capacity, otherwise violates this subchapter by some act or omission shall forfeit without reimbursement not less than $25 nor more than $300 for each such violation. No member of a governmental body is liable under this subchapter on account of his or her attendance at a meeting held in violation of this subchapter if he or she makes or votes in favor of a motion to prevent the violation from occurring, or if, before the violation occurs, his or her votes on all relevant motions were inconsistent with all those circumstances which cause the violation.

## CONCLUSION

¶ 13.    Fabyan's failure to bring this action on behalf of the State pursuant to WIS. STAT. § 19.97 is fatal and deprived the court of competency to proceed. We therefore dismiss this appeal.

*By the Court.*—Judgment and order dismissed.