STATE of Wisconsin EX REL. Siu Wing LEUNG, Plaintiff-Appellant,

v.

CITY OF LAKE GENEVA, Cathleen M. Ahlgren and Anthony Saia, Defendants-Respondents.

Court of Appeals

*No. 02–2747. Submitted on briefs April 9, 2003.—Decided May 28, 2003.*

2003 WI App 129

(Also reported in 666 N.W.2d 104.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *David C. Williams* of *Allen, Harrison, Williams, McDonell & Swatek, LLP*, Lake Geneva.

On behalf of the defendants-respondents, the cause was submitted on the brief of *John M. Bruce* of *Whyte Hirschboeck Dudek S.C.*, Manitowoc.

Before Brown, Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. Siu Wing Leung appeals from a judgment of the circuit court dismissing his complaint of a violation of the open meetings law as barred by the two-year statute of limitations, WIS. STAT. § 893.93(2)(a) (2001–02).[1] He argues that he sought relief in equity and that there is no statute of limitations in equity; and that if a statute of limitations does

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

apply, it is one of six years rather than two. He also argues that the discovery rule should apply. We hold that the applicable statute is § 893.93(2) and so affirm.

¶ 2.   Leung filed a complaint on January 3, 2002, alleging violation(s) of the open meetings law by the City of Lake Geneva, Cathleen M. Ahlgren and Anthony Saia on or before June 14, 1999. The complaint requested judgment:

> a) For monetary penalties against the Defendants Ahlgren and Saia pursuant to § 19.96, Wis. Stats.
>
> b) For a declaratory judgment determining and adjudicating the action of the Lake Geneva City Council on June 14, 1999, denying the proposed transfer of the liquor license from D'Agostino's on the Lake, Inc. to Su Wings Corporation to be void pursuant to § 19.97(3) and (4), Wis. Stats.
>
> c) For the costs of prosecution of this action, including reasonable attorney's fees, upon the failure of the District Attorney to so prosecute.
>
> d) For such other and further relief as the Court deems just and equitable.

¶ 3.   This case presents a very narrow legal issue: what statute of limitations applies to actions claiming a violation of the open meetings law? Because this is an issue of statutory interpretation, our standard of review is de novo. *State v. Isaac J.R.*, 220 Wis. 2d 251, 255, 582 N.W.2d 476 (Ct. App. 1998). Although our standard of review is de novo, we value the written decision of the trial court. *Scheunemann v. City of West Bend*, 179 Wis. 2d 469, 475, 507 N.W.2d 163 (Ct. App. 1993). Since the statute is clear, we need not look beyond its plain language in order to ascertain its meaning. *J.A.L. v. State*, 162 Wis. 2d 940, 962, 471 N.W.2d 493 (1991).

■

¶ 4. The first question is whether Leung has brought either an equity action or a declaratory judgment action. Leung claims that he is bringing this action as a "private attorney general" under WIS. STAT. § 19.97(4), and that as such he can seek equitable relief under § 19.97(2). However, merely mentioning the word "equity" or a variant thereof is not sufficient to invoke the equity jurisdiction of the court. The appellant must at least alert the court as to what form of equitable relief (injunction, mandamus, etc.) he or she is seeking. The court must liberally construe pleadings, *United Capitol Ins. Co. v. Bartolotta's Fireworks Co.*, 200 Wis. 2d 284, 298, 546 N.W.2d 198 (Ct. App. 1996), but that does not mean we must construe them so as to create a form of relief that the appellant has not even pled. Accordingly, Leung did not bring this action in equity.

■

¶ 5. Leung requests declaratory relief under WIS. STAT. § 806.04, but the Supreme Court of Wisconsin has held declaratory judgment to be reserved for those without other adequate recourse available. *See State ex rel. Lynch v. Conta*, 71 Wis. 2d 662, 671, 239 N.W.2d 313 (1976) (*superceded by statute/rule as stated in State ex rel. Newspapers, Inc. v. Showers*, 135 Wis. 2d 77, 398 N.W.2d 154 (1987). In this case, the available recourse is the relief set forth in WIS. STAT. § 19.97. We are not persuaded by Leung's argument that the court's concerns in *Conta* are not present in this case.

■

¶ 6. The second question is whether WIS. STAT. § 893.93(2) is applicable to violations of the open meetings law. Section 893.93(2)(a) provides:

The following actions shall be commenced within 2 years after the cause of action accrues or be barred:

(a) An action by a private party upon a statute penalty, or forfeiture when the action is given to the party prosecuting therefor and the state, except when the statute imposing it provides a different limitation.

The Wisconsin Supreme Court has held that the two-year statute of limitations applies where the action by a private party upon a statute penalty is for the benefit of the public, while the six-year statute of limitations applies when private individuals seek private relief. *See Erdman v. Jovoco, Inc.*, 181 Wis. 2d 736, 760–62, 512 N.W.2d 487 (1994). Complaints under the open meetings law are not brought in the individual capacity of the plaintiff but on behalf of the state. *Cf. Fabyan v. Achtenhagen*, 2002 WI App 214, ¶¶ 10–13, 257 Wis. 2d 310, 652 N.W.2d 649 (If a complaint under WIS. STAT. § 19.97 is not brought in the name of, and on behalf of, the state, the error is fatal and deprives the court of competency to proceed.). Thus, an action brought under the open meetings law falls squarely under § 893.93(2).

██

¶ 7. Finally, Leung argues that the discovery rule should apply to violations of the open meetings law. The Wisconsin Supreme Court has declined to extend the discovery rule to causes of action not sounding in tort. *State v. Chrysler Outboard Corp.*, 219 Wis. 2d 130, 148, 580 N.W.2d 203 (1998). Leung's argument that the discovery rule should apply on grounds of public policy was effectively answered by the court in *Chrysler Outboard Corp.* when it held "the decision to adopt an open-ended discovery rule of this sort is a course of action that should be undertaken only after substantial review by the legislature." *Id.* at 156.

¶ 8. Because Leung brought this action as a private attorney general under WIS. STAT. § 19.97, and therefore acted on behalf of the public, the applicable statute of limitations is WIS. STAT. § 893.93(2). We affirm.

*By the Court.*—Judgment affirmed.