STATE of Wisconsin EX REL. Tommy PONCHIK,
Plaintiff-Respondent,†

v.

Jody BRADLEY, Defendant-Appellant,

Matthew FRANK, Defendant.

Court of Appeals

*No. 03–2958. Submitted on briefs September 7, 2004.—Decided
November 18, 2004.*

**2004 WI App 226**

(Also reported in 690 N.W.2d 860.)

† Petition to review dismissed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Bruce D. Huibregtse* and *Christopher T. Sundberg* of *Stafford Rosenbaum LLP*, Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Tommy Ponchik, pro se*.

Before Deininger, P.J., Dykman and Lundsten, JJ.

¶ 1. LUNDSTEN, J. Jody Bradley, warden of the North Fork Correctional Facility in Oklahoma, appeals a nonfinal order denying his motion to dismiss a certiorari action filed by Tommy Ponchik, a Wisconsin inmate seeking review of an out-of-state prison disciplinary decision. Warden Bradley contends that Wisconsin

courts lack competency to review the disciplinary decision and also lack personal jurisdiction over Bradley. We need not reach the Warden's personal jurisdiction argument because we agree that the trial court lacked competency to entertain Ponchik's certiorari action. In keeping with *State ex rel. Myers v. Swenson*, 2004 WI App 224, 277 Wis. 2d 749, 691 N.W.2d 357, a decision we also issue today, we conclude the trial court lacked competency to address the merits of Ponchik's certiorari action because Ponchik failed to show both that he sought judicial review in Oklahoma and that he was denied review because the Oklahoma court determined it lacked either jurisdiction or competency. Accordingly, we reverse the order of the trial court and remand with directions that the writ be quashed and the certiorari action be dismissed.

### *Background*

¶ 2. Ponchik is a Wisconsin inmate who was transferred to the North Fork Correctional Facility in Oklahoma pursuant to a contract between the Wisconsin Department of Corrections and the Corrections Corporation of America, a private company. Prison officials at North Fork Correctional issued Ponchik a conduct report for assault and failure to follow posted rules. A disciplinary committee found Ponchik guilty of the assault charge and imposed a punishment of thirty days in the special management unit. The assistant warden at North Fork Correctional denied Ponchik's administrative appeal.

¶ 3. While still incarcerated in Oklahoma, Ponchik filed a petition for a writ of certiorari in Wisconsin, naming both Bradley, in his capacity as the Warden at North Fork Correctional, and Matthew Frank, in his capacity as the Secretary of the Wisconsin Department of Corrections, as respondents. It appears that, shortly

after filing this petition, Ponchik was transferred back to Wisconsin. The Wisconsin trial court issued a writ directing prison officials to file a return of the administrative record.

¶ 4. While the Wisconsin certiorari action was pending, Ponchik wrote to the clerk of court in Beckham County, Oklahoma, where North Fork Correctional is located. In his letter, Ponchik requested forms to file a certiorari action in Oklahoma and inquired whether it was true that Oklahoma does not conduct certiorari reviews. The clerk responded that she was unable to provide legal advice, and directed Ponchik to the prison law library.

¶ 5. Warden Bradley moved to quash the writ and dismiss the action on the grounds that the court lacked personal jurisdiction over Bradley and lacked competency to review inmate discipline at an out-of-state contract facility.[1] The trial court denied Warden Bradley's motion, and Bradley sought interlocutory review. This court granted leave to appeal the nonfinal order on December 15, 2003.

### Discussion

¶ 6. We independently review whether a trial court is competent to proceed on a certiorari action. *Myers*, 277 Wis. 2d 749, ¶ 6. In *Myers*, we concluded that WIS. STAT. § 302.02(3t) (2001–02)[2] deprives Wiscon-

---

[1] Secretary Frank joined Warden Bradley's motion with respect to the competency issue, but did not separately appeal the trial court's ruling.

[2] WISCONSIN STAT. § 302.02(3t) provides: "For all purposes of discipline and for judicial proceedings, each institution that is located in another state and authorized for use under s. 301.21

sin courts of competency to conduct certiorari review of out-of-state prison disciplinary decisions, unless an inmate can show that he was denied judicial review on jurisdictional or competency grounds in the state where the disciplinary action occurred. *Myers*, 277 Wis. 2d 749, ¶¶ 9, 19. The inmate in *Myers* was unable to make the required *prima facie* showing because he merely asserted that it would be futile to seek out-of-state judicial review, without actually having attempted to obtain such review. *Id.*, ¶¶ 2, 14.

¶ 7. Like the inmate in *Myers*, Ponchik failed to make a *prima facie* showing that a court in the state where the disciplinary action occurred concluded that it lacked jurisdiction or competency to review the discipline. Ponchik, however, makes two additional arguments that were not made by the inmate in *Myers*. First, Ponchik argues, in effect, that there is no need for an individualized showing because an Oklahoma statute precludes jurisdiction over all out-of-state prisoners housed there. *See* OKLA. STAT. tit. 57, § 563.2(k) (2001). Second, Ponchik contends that he actually sought judicial review by writing to a clerk of court in Oklahoma. Although we did not address either of these specific arguments in *Myers*, we conclude our holding there nonetheless controls the result in this case and dictates that the Wisconsin trial court lacked competency to entertain Ponchik's certiorari action.

¶ 8. As we noted in *Myers*, whether an inmate has been denied access to an out-of-state court on jurisdic-

and its precincts are considered to be in the county in which the institution is physically located, and the courts of that county have jurisdiction of any activity, wherever located, conducted by the institution." All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

tional or competency grounds presents a factual question. *Myers*, 277 Wis. 2d 749, ¶ 13. Treating the question as factual in nature relieves Wisconsin courts of the need to continually review the laws of other states to determine what judicial relief is available in those states for disciplinary actions involving Wisconsin inmates. Such review of the jurisdictional laws of other states would be inefficient and would present an unnecessary burden on the courts of this state when the courts of other states are in the best position to interpret their own laws. Focusing on whether out-of-state judicial review was actually denied on jurisdictional or competency grounds, as a factual matter, also affords additional protection to inmates by providing an avenue for relief in Wisconsin in the event that an out-of-state court declines to exercise jurisdiction notwithstanding state laws that would otherwise appear to confer jurisdiction. Thus, we reiterate that, in order to establish that a Wisconsin court is competent to review an out-of-state disciplinary proceeding, an inmate must make an individualized showing that he has attempted to obtain judicial review in the state where the discipline was imposed and that a court in that state dismissed his case for lack of jurisdiction or competency. *Id.*, ¶ 12. Ponchik's untested theory as to why judicial review would be unavailable under the laws of Oklahoma is insufficient to show that he would have been denied judicial review on jurisdictional or competency grounds.

¶ 9. Ponchik's correspondence with a clerk of court in Oklahoma is also insufficient to show that he was actually denied judicial review on jurisdictional or competency grounds. First, a letter from a clerk of court is not a judicial decision. Second, the clerk's letter did not address whether Oklahoma had jurisdiction. Finally, Ponchik did not even make his inquiry until after the

certiorari action in Wisconsin had been filed.

¶ 10. In sum, Ponchik has failed to establish grounds to exempt his certiorari action from the general rule that Wisconsin courts lack competency to review out-of-state disciplinary decisions. Accordingly, we conclude that the trial court erred in denying Warden Bradley's motion to quash the previously issued writ and to dismiss the certiorari action. We therefore reverse and remand with directions that the trial court grant the Warden's motion. In light of our decision, we do not address the Warden's additional argument regarding personal jurisdiction.

*By the Court.*—Order reversed and cause remanded with directions.

¶ 11. DYKMAN, J. (*dissenting*). The majority has devised a new method of analyzing cases arising under *State ex rel. Curtis v. Litscher*, 2002 WI App 172, 256 Wis. 2d 787, 650 N.W.2d 43. While the method solves the issue in this case, ultimately, the cure is probably worse than the disease.

¶ 12. Inmates in foreign private prisons must petition foreign circuit or district courts to review their conditions of confinement cases. I have no quarrel with this concept, as usually applied, though it does not directly address Ponchik's situation. His situation, and that of all Wisconsin prisoners located in Oklahoma private prisons, is unique. Oklahoma has enacted a statute which, like Wis. Stat. § 302.02(3t) (2001–02),[1]

---

[1] Wisconsin Stat. § 302.02(3t) provides:

> Institutions located in other states. For all purposes of discipline and for judicial proceedings, each institution that is located in another state and authorized for use under s. 301.21 and its precincts are considered to be in the county in which the institution is physically located, and the courts of that county have jurisdiction of any activity, wherever located, conducted by the institution.

requires prisoners to litigate in a foreign state. OKLA. STAT. tit. 57 § 563.2(K) (2001)[2] provides:

> The State of Oklahoma shall not assume jurisdiction or custody of any federal inmate or inmate from another state housed in a facility owned or operated by a private prison contractor. Such inmates from another state shall at all times be subject to the jurisdiction of that state and federal inmates shall at all times be subject to federal jurisdiction. This state shall not be liable for loss resulting from the acts of such inmates nor shall this state be liable for any injuries to the inmates.

¶ 13. Thus, WIS. STAT. § 302.02(3t) purports to give Oklahoma courts jurisdiction to decide private prison conditions of confinement cases, while OKLA. STAT. tit. 57 § 563.2(L) (2001) purports to give Wisconsin courts jurisdiction to decide those issues for Wisconsin inmates housed in Oklahoma private prisons. But for *Curtis*, the result would be that Wisconsin prisoners housed in Oklahoma private prisons would have no judicial recourse to the courts of either state.

¶ 14. The majority, purporting to "elaborate" on *Curtis*, inquires only into whether a Wisconsin inmate in an Oklahoma private prison has petitioned an Oklahoma court to review his or her conditions of confinement case and the response of the Oklahoma court. Without reference to statutes, constitutions, appellate court decisions or administrative rules, the majority concludes that only when an Oklahoma court denies access to a Wisconsin inmate in a conditions of confinement case does a Wisconsin court have competence to

---

All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[2] Section 563.2(K) has been changed to § 563.2(L). *See* 2004 Okla. Sess. Laws 552. The content of § 563.2(L) remains the same as § 563.2(K).

address the prisoner's petition. But because the majority deems this a question of fact, every Oklahoma prisoner must petition an Oklahoma court in every case.

¶ 15. Thus, if the Oklahoma Supreme Court were to conclude, as I do, that Oklahoma courts lack jurisdiction to address Wisconsin prisoners' conditions of confinement cases, all prisoners would nonetheless be required to petition Oklahoma courts even though everyone knew at the outset that the petitions would be dismissed because Oklahoma courts lacked jurisdiction to address them. There is something wrong with a court requiring someone to file a frivolous lawsuit. How would Wisconsin courts react to an Oklahoma court adopting the majority's theory and require Oklahoma prisoners to file frivolous lawsuits in Wisconsin courts?

¶ 16. I would do what Wisconsin courts have been doing for a long time; examine the foreign statute to determine its meaning. *See State v. Collins*, 2002 WI App 177, ¶ 13, 256 Wis. 2d 697, 649 N.W.2d 325. I have done so with regard to OKLA. STAT. tit. 57 § 563.2(L) (2004).

¶ 17. I conclude that this statute is unambiguous. Its intent is obvious. Oklahoma does not want its courts to become involved with private prison conditions of confinement cases. Oklahoma wants those actions to be brought and decided in the home states of private prison inmates.

¶ 18. OKLAHOMA STAT. tit. 57 § 563.2(L) (2001) is a new statute, having been first enacted in 1991. This opinion is the first judicial interpretation of that statute. Unlike Wisconsin, Oklahoma does not keep records which may shed light on a statute's meaning. The Oklahoma Department of Libraries notes:

> The only official legislative history for Oklahoma legislative measures is a procedural one. Official legislative intent is rare. Committee reports, minutes, and hearings are not published.

So I am limited to the words of the statute.

¶ 19. Bradley and Frank argue that OKLA. STAT. tit. 57 § 563.2(H)[3] shows that prisoners in private prisons may bring actions seeking judicial review of conditions of confinement decisions. That statute provides:

> A private prison contractor housing federal inmates or inmates of another state shall be responsible for the reimbursement of all reasonable costs and expenses incurred by this state or a political subdivision of this state for legal actions brought in this state by or on behalf of any federal inmate or inmate of another state while incarcerated in the facility, including court costs, sheriff mileage fees, witness fees, district attorney expenses, expenses of the office of Attorney General, indigent or public defender fees and costs, judicial expenses, court reporter expenses and any other costs, fees, or expenses associated with the proceedings or actions.

¶ 20. Providing that courts lack jurisdiction to entertain private prison conditions of confinement cases and providing that the private prison is liable for the costs if a prisoner brings a case are two different things. Prisoners are not shy about bringing lawsuits, regardless of statutory prohibitions against petitioner lawsuits. Oklahoma can at the same time prohibit private prison conditions of confinement cases and require private prisons to bear the costs of them despite the lack of jurisdiction in Oklahoma courts. I am not convinced that OKLA. STAT. tit. 57 § 563.2(H) (2001) evinces a legislative intent to authorize prisoners in private Oklahoma prisons to bring their prison conditions of confinement reviews in Oklahoma courts.

---

[3] Section 563.2(H) has been changed to § 563.2(I). *See* 2004 Okla. Sess. Laws 552. Its content remains the same.

¶ 21. Wisconsin sends its prisoners to only a few states. The majority's fear, expressed in *State ex rel. Myers v. Swenson*, 2004 WI App 224, 277 Wis. 2d 749, 691 N.W.2d 357, that it would not be efficient to require Wisconsin appellate judges to familiarize themselves with the laws of multiple jurisdictions is overblown. Wisconsin courts have not balked at interpreting foreign statutes. *See Collins*, 256 Wis. 2d 697, ¶ 13. Wisconsin courts use the concept of *stare decisis,* which requires us to follow previous cases, some of which interpret statutes. Once we have interpreted a statute, foreign or domestic, we cannot revisit that interpretation unless the statute is amended or repealed. *See Cook v. Cook*, 208 Wis. 2d 166, 560 N.W.2d 246 (1997). Researching foreign statutes is no different from researching Wisconsin law, and takes no more time. Once done for the law of three states, we can freely rely on our opinions in future cases.

¶ 22. The majority's second fear, also expressed in *Myers*, also fails under scrutiny. This fear is that it is inefficient for Wisconsin courts to review foreign conditions of confinement cases because pertinent records and decision makers are located out of state. But all of our Wisconsin conditions of confinement cases are reviewed at a distance from the prisons where they originate. These appeals are mainly by certiorari, and on appeal are on the record made in a prison. Trial courts do not go to prisons to hear conditions of confinement cases, nor do we. Prisoners do not appear, even by telephone. If the United States mail can carry a record from Boscobel to a local courthouse, the Dane County courthouse or here, it can carry a record from Minnesota, Tennessee or Oklahoma. Prison officials in Minnesota, Tennessee and Oklahoma use English, the same language Wisconsin prison officials use. I am confident that Wisconsin trial and appellate courts can read and understand reports

written by non-Wisconsin prison officials. In short, the majority's second reason for adopting its new standard is no reason at all.

¶ 23. The new analysis adopted by the majority will lead to frivolous, fruitless and wasteful litigation, at least as to Wisconsin prisoners in Oklahoma private prisons. The method previously used by Wisconsin courts, which I would continue, has proven to be efficient. I have reviewed OKLA. STAT. tit. 57 § 563.2(L) (2004). I conclude that Wisconsin prisoners incarcerated in Oklahoma private prisons do not have access to Oklahoma courts to review conditions of confinement cases initially decided in Oklahoma private prisons. Accordingly, under *Curtis*, I conclude that Wisconsin courts have competency to review Ponchik's disciplinary case.[4] Should Oklahoma change its statute or should an Oklahoma appellate court conclude differently, my view would change. But until then, I would affirm the trial court's order.[5] Accordingly, I respectfully dissent.

[4] Since this is a dissent, it is not relevant how I would decide the merits of Ponchik's appeal and I do not do so.

[5] The trial court also concluded that Wisconsin's "long arm" statute, WIS. STAT. § 801.05(5), authorized it to exercise personal jurisdiction over Jody Bradley, an Oklahoma resident. The majority need not and does not address this issue, and a dissent discussing an issue not reached by a majority makes for difficult analysis by readers and is even less useful than a dissent to an issue decided by the majority. I therefore conclude that though I agree with the trial court that jurisdiction over Bradley was present, no useful purpose is served by analyzing why that is true.