STATE of Wisconsin EX REL. David C. MYERS,
Petitioner-Appellant,††

v.

Daren SWENSON, Respondent-Respondent.

Court of Appeals

*No. 03–2406. Submitted on briefs March 18, 2004.—Decided
November 18, 2004.*

2004 WI App 224

(Also reported in 691 N.W.2d 357.)

††Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *David C. Myers, pro se.*

On behalf of the respondent-respondent, the cause was submitted on the brief of *Bruce D. Huibregtse* and *Christopher T. Sundberg* of *Stafford Rosenbaum LLP*, Madison.

A nonparty brief was filed by *Charles D. Hoornstra*, assistant attorney general, and *Peggy A. Lauten-schlager*, attorney general, for The Wisconsin Department of Corrections.

Before Deininger, P.J., Dykman and Lundsten, JJ.

¶ 1. LUNDSTEN, J.   David Myers, a Wisconsin inmate, appeals an order dismissing his action for certiorari review of an out-of-state prison disciplinary decision and quashing the trial court's previously issued writ. Myers was disciplined while in a Minnesota prison. He challenges the trial court's ruling that it lacked competency to review the out-of-state disciplinary proceeding. Myers also raises an equal protection challenge to statutes that authorize review of out-of-state disciplinary actions by the courts of the state in which discipline is imposed. We agree with the trial

753

court that it lacked competency to review the matter, and we also reject Myers' equal protection challenge. Accordingly, we affirm.

### *Background*

¶ 2.   In his certiorari petition, Myers alleges that he is a Wisconsin inmate confined at the Prairie Correctional Facility in Minnesota. Myers claims that prison officials in Minnesota, without affording procedural protections Myers believes are required under the Wisconsin Administrative Code, issued him a disciplinary report and subsequently found him guilty of conspiracy and threatening the safety of others. Myers' certiorari petition also alleges that he exhausted his administrative remedies in Minnesota because he filed two appeals with Minnesota prison officials and that any further action in Minnesota would be futile.

¶ 3.   Myers subsequently filed a "motion to expand coverage," apparently seeking to amend his petition to add a civil rights claim under 42 U.S.C. § 1983. In this filing, Myers alleges that Minnesota officials were deliberately indifferent to his medical needs in that they denied him medications. The filing further asserts that Myers has an equal protection right to enjoy the same procedural safeguards as Wisconsin inmates housed in-state subject to the Wisconsin Administrative Code. There is nothing in the docket entries or record before us indicating that the trial court ever explicitly ruled on this "motion to expand coverage."

¶ 4.   Before submitting a return, the warden moved to quash the writ and dismiss the action. After briefing by the parties, the trial court granted the motion to quash, concluding that the court lacked competency to review the disciplinary decision and lacked personal jurisdiction over the warden.

¶ 5.  Myers appeals and argues before this court that Wisconsin must retain competency and personal jurisdiction to review matters affecting Wisconsin inmates incarcerated in Minnesota because it would be futile for such inmates to seek relief in Minnesota and because the equal protection clause requires that all Wisconsin inmates be subject to the same rules.

## Standard of Review

¶ 6.  A motion to quash a writ of certiorari is akin to a motion to dismiss. *Fee v. Board of Review*, 2003 WI App 17, ¶ 7, 259 Wis. 2d 868, 657 N.W.2d 112. Both a motion to quash and a motion to dismiss test the legal sufficiency of the facts alleged in the complaint. We review such motions *de novo*. We also independently determine whether a court has competency to proceed and whether a statute is constitutional. *State v. Pharm*, 2000 WI App 167, ¶ 11, 238 Wis. 2d 97, 617 N.W.2d 163 (standard of review for competency); *Maurin v. Hall*, 2004 WI 100, ¶ 93, 274 Wis. 2d 28, 682 N.W.2d 866 (standard of review for constitutionality), *reconsideration denied*, 2004 WI 129 (No. 00–0072). We will uphold the constitutionality of a statute unless the party challenging it demonstrates its unconstitutionality beyond a reasonable doubt. *Maurin*, 274 Wis. 2d 28, ¶ 93.

## Discussion

### Availability of Certiorari Review

¶ 7.  The respondent in this case is Daren Swenson, warden of the Prairie Correctional Facility in Minnesota. The Wisconsin Department of Corrections is not a party to this action, but has submitted an

amicus brief taking essentially the same positions as Warden Swenson. Neither Warden Swenson nor the Department disputes that Wisconsin courts have general subject matter jurisdiction that ordinarily permits them to review, by certiorari, disciplinary decisions regarding Wisconsin inmates. Both Warden Swenson and the Department contend, however, that the legislature has enacted a statutory scheme which limits the ability of Wisconsin courts to exercise that subject matter jurisdiction in certiorari cases—that is, deprives Wisconsin courts of competency to proceed—when the disciplinary action occurs outside of the state. *See generally Fabyan v. Achtenhagen,* 2002 WI App 214, ¶ 7, 257 Wis. 2d 310, 652 N.W.2d 649 (" 'Although a court is vested with subject matter jurisdiction by the constitution, the legislature may enact statutes which limit a court's power to exercise subject matter jurisdiction. Such legislative measures affect a court's competency rather than its jurisdiction.' " (quoting *State v. Bollig,* 222 Wis. 2d 558, 566, 587 N.W.2d 908 (Ct. App. 1998) (internal citations omitted))).

¶ 8. Myers appears to argue that the Wisconsin courts retain the ability to conduct certiorari review of a Wisconsin inmate's due process or equal protection challenge to a disciplinary action, even if the challenge involves conduct and a disciplinary proceeding that took place while the inmate was housed out of state. However, certiorari review of administrative proceedings is available only "when no legislative provision establishes how review may be had." *State ex rel. Curtis v. Litscher,* 2002 WI App 172, ¶ 12, 256 Wis. 2d 787, 650 N.W.2d 43. Thus, if our legislature has provided a means of judicial review, Myers may not bypass that means and seek relief through certiorari review.

756

¶ 9. In general, a means of reviewing an out-of-state disciplinary proceeding is provided by WIS. STAT. § 302.02(3t) (2001–02).[1] That section provides:

> INSTITUTIONS LOCATED IN OTHER STATES. For all purposes of discipline and for judicial proceedings, each institution that is located in another state and authorized for use under s. 301.21 and its precincts are considered to be in the county in which the institution is physically located, and the courts of that county have jurisdiction of any activity, wherever located, conducted by the institution.

Thus, the legislature has provided that when a Wisconsin inmate is disciplined while at an out-of-state prison, judicial review of that disciplinary action may proceed in the state where the prison is located.[2] *Curtis*, 256 Wis. 2d 787, ¶ 12. It follows that Wisconsin courts

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[2] We note that because WIS. STAT. § 302.18(5) specifies that the transfer of a Wisconsin prisoner to an out-of-state facility "shall not change the term of sentence" of the prisoner, Wisconsin law still controls the sentence and sentence credit issues and Wisconsin courts retain competency to hear such issues, even while an inmate is housed out of state. *State ex rel. Griffin v. Litscher*, 2003 WI App 60, ¶¶ 12–13, 261 Wis. 2d 694, 659 N.W.2d 455. Under Wisconsin's statutory scheme, disciplinary segregation at an out-of-state facility cannot affect a prisoner's sentence by extending the mandatory release date. *See* WIS. STAT. § 302.11(2) (extending the mandatory release date for violating "any regulation of the prison") and § 302.01 (defining "prison" to include only institutions located in Wisconsin); *see also* WIS. ADMIN. CODE § DOC 303.01(1) (noting: "The department may not discipline an inmate for an incident for which the inmate was disciplined in another jurisdiction.").

generally lack competency to conduct certiorari review of out-of-state disciplinary proceedings.

¶ 10. Although this is the general rule, we recognized in *Curtis* that exceptions may be made in "unique circumstances." *Id.*, ¶¶ 12–13. We concluded in *Curtis* that the "unique circumstances in [the] case precluded [WIS. STAT. § 302.02(3t)] from affording the inmates judicial review in Tennessee" because the Wisconsin inmates lacked "access to the Tennessee courts." *Id.*, ¶¶ 7, 12. We said: "Because no statutory provision for judicial review of a prison disciplinary decision applied to the inmates in this case, we conclude that Wisconsin courts may review the Whiteville disciplinary decision by certiorari." *Id.*, ¶ 13.

¶ 11. We take this opportunity to elaborate on *Curtis*. First, the burden is on the certiorari petitioner to show facts sufficient to establish that the Wisconsin court is competent to proceed.

¶ 12. Second, the certiorari petitioner must present evidence showing that an out-of-state court dismissed a disciplinary review action on grounds that the court lacked jurisdiction or competency to review the matter; it is not sufficient to merely allege that out-of-state judicial review was unavailable. A petitioner may make a *prima facie* showing by providing, along with the initial filing of the certiorari petition, a copy of a decision from a court of the state in which he or she was incarcerated which shows or plainly implies that that court has concluded it lacks jurisdiction or competency to proceed.[3] The fact that an out-of-state

_____

[3] Because the issue is not before us, we do not decide at this time whether it would be sufficient for the petitioner to provide

court may have dismissed an action as time-barred or for some other procedural defect does not show that judicial review is unavailable in that state.[4] Once an out-of-state court has dismissed a Wisconsin inmate's action for lack of jurisdiction or competency to proceed, however, the inmate need not attempt further judicial review in that state.

¶ 13.  Third, whether another state has determined that it lacks jurisdiction or competency to review a disciplinary action involving a Wisconsin inmate presents a factual issue.[5] A respondent might choose to contest the inmate's *prima facie* showing, in which case the trial court must resolve, as a factual matter, whether a court in the other state determined that it lacked jurisdiction or competency to review the inmate's challenge.

---

alternative evidence, such as a sworn affidavit averring that a court of the state in which he or she is housed has denied review of a disciplinary proceeding on jurisdictional or competency grounds. In the event that a respondent chooses to challenge such an affidavit, it could become necessary for the trial court to resolve the factual dispute by an evidentiary hearing.

[4] We have previously concluded, as well, that if an out-of-state judicial review proceeding results in a dismissal on the merits, the doctrine of claim preclusion bars a subsequent certiorari action in Wisconsin. *State ex rel. Barksdale v. Litscher*, 2004 WI App 130, ¶ 12, 275 Wis. 2d 493, 685 N.W.2d 801.

[5] We expand upon this topic in a closely related decision which we issue on this same day. *State ex rel. Ponchik v. Bradley*, 2004 WI App 226, 277 Wis.2d 768, 690 N.W.2d 860. In *Ponchik*, we reject an inmate's allegation that out-of-state judicial review would be unavailable as a matter of law in the state where a disciplinary action occurred. *Id.*, ¶ 8.

¶ 14. Applying these requirements to this case, we conclude that Myers has failed to make a *prima facie* showing that he is entitled to certiorari review in Wisconsin. Myers did not seek judicial review in Minnesota. Instead, while still in Minnesota, he filed his certiorari action in Wisconsin. Because Myers never sought judicial review in Minnesota, he never obtained a court decision asserting a lack of jurisdiction or competency to review the matter in that state. Since Myers did not show that judicial review in Minnesota was unavailable because a court there concluded that it lacked jurisdiction or competency, Myers has failed to show that judicial review was unavailable under WIS. STAT. § 302.02(3t). Consequently, Myers has failed to show that Wisconsin courts have competency to entertain his certiorari action.

### Equal Protection

¶ 15. Myers argues that WIS. STAT. §§ 301.21(2m)(b)[6] and 302.18(5),[7] provisions which establish that inmates housed out of state are subject to the laws and regulations of the host state with regard to conditions of confinement, violate the equal protection clause. To the extent that Myers is arguing his disci-

---

[6] WISCONSIN STAT. § 301.21(2m)(b) provides: "While in an institution in another state covered by a contract under this subsection, Wisconsin prisoners are subject to all provisions of law and regulation concerning the confinement of persons in that institution under the laws of that state."

[7] WISCONSIN STAT. § 302.18(5) provides: "Any person who is legally transferred by the department to a penal institution shall be subject to the same statutes, regulations and discipline as if the person had been originally sentenced to that institution, but the transfer shall not change the term of sentence."

plinary action should have been subject to the procedures of the Wisconsin Administrative Code (a choice of law issue), his claim goes to the merits of his certiorari action, which we have already determined we lack competency to review. However, because Myers' discussion of the equal protection clause is replete with references to the availability of judicial review in Wisconsin, we will liberally construe his argument as also challenging the constitutionality of WIS. STAT. § 302.02(3t), the statute that is most relevant to the ability of a Wisconsin court to review out-of-state disciplinary decisions.

¶ 16.   " 'The equal protection clause of the fourteenth amendment is designed to assure that those who are similarly situated will be treated similarly.' Where the State is not discriminating based upon a suspect classification, the classification need only bear a rational relationship to a legitimate government interest." *State ex rel. Saffold v. Schwarz*, 2001 WI App 56, ¶ 8, 241 Wis. 2d 253, 625 N.W.2d 333 (citation omitted).

¶ 17.   The two classes at issue here are Wisconsin prisoners housed within this state, and Wisconsin prisoners housed out of state pursuant to contracts with the Department of Corrections. We see nothing in these classifications that would trigger the need for heightened constitutional scrutiny. *Cf. Pryor v. Brennan*, 914 F.2d 921, 923 (7th Cir. 1990) (noting that prisoners are not themselves a suspect class). We therefore apply the rational relationship test.

¶ 18.   The government has a legitimate interest in allocating judicial resources in an efficient manner. Given that WIS. STAT. §§ 301.21(2m)(b) and 302.18(5) subject prisoners who are transferred out of state to the

laws of the host state, it would not be efficient to require Wisconsin courts to familiarize themselves with the laws of multiple jurisdictions when the courts of those jurisdictions would presumably already be well-versed in their own laws. It would also not be efficient for Wisconsin courts to attempt to review disciplinary actions which occurred out of state when the pertinent records and decision makers are located in that other state. In sum, we are satisfied that allowing the courts of other states to resolve disputes over prison disciplinary actions which occurred within their borders is entirely rational. Myers has failed to establish that Wis. Stat. § 302.02(3t) is unconstitutional.

### Conclusion

¶ 19. Wisconsin Stat. § 302.02(3t) deprives Wisconsin courts of competency to entertain certiorari actions seeking review of out-of-state prison disciplinary decisions unless a petitioner can show that he was denied judicial review on jurisdictional or competency grounds in the state where the disciplinary action occurred. Because Myers did not attempt to obtain judicial review in Minnesota, and has failed to show that § 302.02(3t) is unconstitutional, we conclude that the trial court correctly determined that it lacked competency to review Myers' disciplinary action. In light of that determination, we do not address whether the trial court may also have lacked personal jurisdiction over the warden.

*By the Court.*—Order affirmed.

¶ 20. DYKMAN, J. (*concurring*). I believe that the rule regarding prison litigation arising out of foreign imprisonment is this: If a Wisconsin prisoner in a

762

foreign jurisdiction can obtain foreign judicial review of an administrative decision of prison officials, this deprives Wisconsin courts of the authority to review the administrative decision. *State ex rel. Curtis v. Litscher,* 2002 WI App 172, ¶¶ 12–14, 256 Wis. 2d 787, 796, 650 N.W.2d 43.[1] But when the prisoner is unable to obtain judicial review through foreign courts, he or she may do so in Wisconsin courts. *Id.*

¶ 21.   I do not read *Curtis* as discussing jurisdiction, power, standing or competency. Its rationale is that because no statutory provision for judicial review existed, the inmates were entitled to a Wisconsin certiorari review of the disciplinary decision of a private foreign prison. It is undisputed that the prisoners in *Curtis* were wholly prohibited from litigating in the courts of the jurisdiction where they were incarcerated. This analysis merely restates the well-known concept that where there is no legislatively provided review of an administrative agency's acts, review is by certiorari. *Curtis,* 256 Wis. 2d 787, ¶ 12.

¶ 22.   This case is the next step, and the question is how a Wisconsin court determines that a prisoner lacks access to a foreign court. That issue was not present in *Curtis* because it was undisputed that the prisoners lacked access to a foreign court.

¶ 23.   The majority first asserts that the burden of showing inaccessibility is on the prisoner. I agree. And I agree that a prisoner's failure to timely take an appeal to a foreign court usually does not entitle the prisoner to a Wisconsin review. But the majority takes an un-

---

[1] I use the term "foreign imprisonment" to refer to an inmate who has been convicted of a Wisconsin crime in Wisconsin but who has been sent by the Wisconsin Department of Corrections to a private prison in a state other than Wisconsin.

precedented step to prevent Wisconsin judicial review of foreign prison conditions of confinement decisions by "elaborating" on *Curtis*. *Curtis* does not support the majority's conclusion that

> the certiorari petitioner must present evidence showing that an out-of-state court dismissed a disciplinary review action on grounds that the court lacked jurisdiction or competency to review the matter; it is not sufficient to merely allege that out-of-state judicial review was unavailable.

Majority, ¶ 12.

¶ 24. The majority provides no citation for this conclusion. In *Curtis*, the inmates alleged that judicial review of a disciplinary decision by officials of a Tennessee private prison was unavailable, and the State did not challenge that allegation. *Curtis*, 256 Wis. 2d 787, ¶ 14 n.7. The majority is half correct. Allegations alone are not enough to obtain Wisconsin judicial review. But the reasons supporting the allegations may or may not show that foreign judicial review is unavailable. In *Curtis*, the allegations were sufficient because the prisoners' filings were dismissed with the explanation: "Please be advised that since you are now a resident of the State of Wisconsin you will need to make your filings in the State of Wisconsin." *Id.*, ¶ 6. But in each case it will be necessary to examine why the prisoner believes foreign judicial review is unavailable. Only then can a court determine whether a prisoner's assertions are correct, as they were in *Curtis*.

¶ 25. Next, the majority concludes: "Third, whether another state has determined that it lacks jurisdiction or competency to review a disciplinary action involving a Wisconsin inmate presents a factual issue." Majority, ¶ 13. Again, this is half correct. It is a

question of fact whether a court has addressed a jurisdictional question. But that ignores a second question: Whether a court in another state has jurisdiction or competence to address conditions of confinement cases arising out of a private prison. This second question is the important one.

¶ 26. It is beyond question that jurisdiction, competence and related issues are questions of law. In *Matlin v. City of Sheboygan*, 2001 WI App 179, ¶ 4, 247 Wis. 2d 270, 634 N.W.2d 115, we put it plainly: "Whether a court has jurisdiction is a question of law that we determine independently." In *Precision Erecting v. M&I Marshall & Ilsley Bank*, 224 Wis. 2d 288, 295, 592 N.W.2d 5 (Ct. App. 1998), we noted: "Whether a Wisconsin court has personal jurisdiction over a nonresident defendant is a question of law we review de novo." In *Town of Delafield v. Winkelman*, 2004 WI 17, ¶ 14, 269 Wis. 2d 109, 675 N.W.2d 470, the court said: "As a threshold matter, we must examine the issue of subject matter jurisdiction. Whether a court has subject matter jurisdiction of a particular action is a question of law, subject to independent appellate review." *Reilly v. Waukesha County*, 193 Wis. 2d 527, 534, 535 N.W.2d 51 (Ct. App. 1995), reads: "Whether the trial court had competency to decide *Winkelman*'s impact on Reilly's wrongful-discharge claim after remand from the federal district court is a question of law that we review de novo."

¶ 27. Power and standing are no different. In *Olson v. Kaprelian*, 202 Wis. 2d 377, 381, 550 N.W.2d 712 (Ct. App. 1996), we noted: "An issue involving the scope of the trial court's power is a question of law which we review independently." As to standing, "[w]hether a person has standing to participate in an action or proceeding is a question of law that we review

de novo." *Carla S. v. Frank B.*, 2001 WI App 97, ¶ 5, 242 Wis. 2d 605, 609, 626 N.W.2d 330.

¶ 28. The result the majority and I reach is the same, though our analyses are very different. The majority concludes that because Myers did not seek judicial review in Minnesota, he has failed to show that a Wisconsin court has competency to decide the issue he raises. I conclude as a matter of law that a Minnesota District Court has competency to review a private prison administrator's decision arising out of a conditions of confinement case. The issue has not been answered in a published Minnesota case. But in both *Spikula v. Brill*, 1998 WL 268094 (Minn. App.), and *Reyes v. Galland*, 2000 WL 310413 (Minn. App.), the Minnesota Court of Appeals addressed cases arising in private prisons. While this is not dispositive, I conclude that it is likely that had Myers petitioned the applicable Minnesota District Court to review his underlying complaint that he was improperly transferred to segregation, the Minnesota District Court would have reviewed his complaint.[2]

---

[2] Minnesota has different rules than Wisconsin as to citing unpublished court of appeals decisions. MINNESOTA STAT. § 480A.08 Subd. 3(c)(note) provides:

> Unpublished opinions of the court of appeals are not precedential. Unpublished opinions must not be cited unless the party citing the unpublished opinion provides a full and correct copy to all other counsel at least 48 hours before its use in any pretrial conference, hearing or trial. If cited in a brief or memorandum of law, a copy of the unpublished opinion must be provided to all other counsel at the time the brief or memorandum is served, and other counsel may respond.

This statute appears to be applicable to litigants, not courts. Minnesota unpublished opinions are not precedential but may be of persuasive value. *Becker v. State Farm Mutual Automobile*

¶ 29.   Accordingly, I, like the majority, would conclude that the trial court correctly concluded that it lacked competency to address Myers's petition for a writ of certiorari. While the difference between my analysis and the majority's analysis may seem inconsequential here, the difference becomes significant in another case decided today, *State ex rel. Tommy Ponchik v. Bradley*, 2004 WI App 226, 277 Wis. 2d 768, 690 N.W.2d 860. I respectfully concur in the majority's mandate here.

---

*Ins. Co.*, 596 N.W.2d 697, 700 (Minn.Ct.App. 1999), *rev'd on other grounds*, 611 N.W.2d 7 (Minn. 2000). I conclude that I may properly cite *Spikula* and *Reyes* as persuasive of Minnesota courts' willingness to review Minnesota private prison matters.